# EXHIBIT 1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT FEEMAN and BRADLEY BAILEY, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>   v.<br><br>ALBERT CORPORATION, and ALBERT CASH, LLC,<br><br>        Defendants. | Case No. 2:25-cv-03605-MWC-BFM<br><br>**CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE** |

This Class Action Settlement Agreement and Release ("Settlement" or "Agreement") is entered into by Plaintiffs Robert Feeman and Bradley Bailey ("Plaintiffs"), individually and as putative representatives of the Settlement Class defined herein, and Defendants Albert Corporation and Albert Cash, LLC ("Defendants" or "Albert," and collectively with Plaintiffs, the "Parties"). The Parties agree to the following terms in full settlement of the action titled *Robert Feeman, et al. v. Albert Corporation, et al.*, Case No. 2:25-cv-03605-MWC-BFM (C.D. Cal.) (the "Action"), subject to Final Approval, as defined below, by the United States District Court for the Central District of California (the "Court").

## I. **RECITALS**

The following recitals are material terms of this Settlement, and all terms are used as defined in Section II below, except as otherwise defined herein. This Settlement is made in contemplation of the following facts and circumstances:

**WHEREAS**, on March 25, 2025, Plaintiff Feeman filed a putative class action complaint in the Superior Court of California, Los Angeles County, captioned *Feeman v. Albert Corporation, et al.*, No. 25STCV08658, asserting claims for violations of the Military Lending Act, 10 U.S.C. § 987, *et seq*. ("MLA") and the Truth in Lending Act, 15 U.S.C. § 1638 ("TILA").

**WHEREAS**, Defendants filed an Answer in the Superior Court on April 23, 2025. Dkt. No. 1-11. After answering, Defendants removed this Action to the United States District Court for the Central District of California, where it was assigned case number 2:25-cv-03605-MWC-BFM.

**WHEREAS**, on May 13, 2025, Plaintiffs filed an Amended Complaint (the "Complaint"), which added Plaintiff Bailey as a named plaintiff and a claim for violation of the Georgia Payday Lending Act ("PLA"), O.C.G.A. §§ 16-17-2, *et seq*. *See* Dkt. No. 16.

**WHEREAS**, on June 6, 2025, Defendants filed a Motion to Compel Arbitration and Stay Litigation. Dkt. No. 22. Plaintiffs filed their opposition on July

11, 2025 (Dkt. No. 32), and Defendants filed their reply on July 18, 2025 (Dkt. No. 33).

**WHEREAS**, on August 11, 2025, the Court, on its own motion, ordered the Parties to file supplemental briefing on the issue of whether the at-issue Albert Instant transactions constitute the "extension of consumer credit" under the MLA, and the appropriate standard of review the Court should apply in making such a determination. Dkt No. 37.

**WHEREAS**, On September 23, 2025, the Parties attended a mediation session before Niki Mendoza of Phillips ADR Enterprises. At the end of a full-day mediation session, the Parties reached an agreement in principle and executed a settlement term sheet.

**WHEREAS**, following the mediation session, the Parties negotiated the details of this Agreement in good faith.

**WHEREAS**, the Parties now agree to settle the Action in its entirety, without any admission of liability, with respect to all Released Claims, Releasees, and Released Parties. Defendants have entered into this Agreement to resolve any and all controversies and disputes (directly or indirectly) arising out of or relating to the Complaint, and to avoid the burden, risk, uncertainty, expense, and disruption to its business operations associated with further litigation.

**WHEREAS,** Defendants do not in any way acknowledge, admit to, or concede any of the claims and allegations made in the Complaint, and expressly disclaim and deny any fault and liability, and any allegations of wrongdoing that have been or could have been asserted in the Complaint. Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement.

**WHEREAS,** Plaintiffs have entered into this Agreement to liquidate and

3

recover on the claims asserted in the Complaint, and to avoid the risk, delay, and uncertainty of continued litigation.

**WHEREAS,** The Parties intend this Agreement to bind Plaintiffs, Defendants and all Settlement Class Members who do not timely and validly request to opt-out.

**NOW THEREFORE,** in consideration of the promises and agreements set forth herein, it is hereby agreed, subject to the Court's approval, that each and every claim that has been alleged, or could have been alleged, shall be fully and finally settled and compromised and dismissed with prejudice, and shall be fully discharged and released, upon and subject to the following terms and conditions:

## II.    <u>DEFINITIONS</u>

In addition to terms defined at various points within this Agreement, the following defined terms apply throughout this Agreement:

1.    "Action" means *Feeman, et al., v. Albert Corporation*, *et al.*, 2:25-cv-03605-MWC-BFM (C.D. Cal.).

2.    "Agreement" means the settlement of the Action by the Parties and the terms thereof contemplated by this Class Action Settlement Agreement and Release.

3.    "Albert" means Defendants Albert Corporation and Albert Cash, LLC.

4.    "Albert Instant" means the cash advance product offered by Defendants since December 1, 2024 that is at issue in this Action.

5.    "Class Counsel" means Jacobson Phillips, PLLC and Carney Bates & Pulliam, PLLC.

6.    "Class List" means the electronic list to be produced by Defendants from their records no later than 21 days after Preliminary Approval that includes the names, email addresses, and mailing addresses, to the extent available, belonging to persons within the Settlement Class.

7.    "Class Period" means the period from December 1, 2024, through the date of an order granting preliminary approval.

4

8. "Complaint" means the First Amended Complaint filed in the Action on May 13, 2025.

9. "Court" means the United States District Court for the Central District Court of California.

10. "Defendants' Counsel" means O'Melveny & Myers LLP.

11. "Digital Notice" means the form of notice that shall be made via the messaging function of the Albert application in the form attached as Exhibit 1.

12. "Effective Date" means when the last of the following has occurred: (1) the day following the expiration of the deadline for appealing Final Approval if no timely appeal is filed, or (2) if an appeal of Final Approval is taken, the date upon which all appeals (including any requests for rehearing or other appellate review), as well as all further appeals therefrom (including all petitions for certiorari) have been finally resolved with an affirmance of the Final Approval Order, and the deadline for taking any further appeals has expired such that no future appeal is possible; or (3) such date as the Parties otherwise agree in writing.

13. "Email Notice" means the form of notice that shall be made via email to the email addresses of Settlement Class Members as provided in the Class List in the form attached as Exhibit 2.

14. "Escrow Account" means the non-interest-bearing account to be established by the Settlement Administrator consistent with the terms and conditions described below.

15. "Final Approval" means entry of the Final Approval Order. A proposed Final Approval Order, in a form agreed upon by the Parties, will be submitted to the Court prior to the Final Approval Hearing.

16. "Final Approval Hearing" means the hearing at or after which the Court shall determine (i) whether to finally approve this Settlement Agreement as fair, reasonable, and adequate, and (ii) whether, and in what amount, to approve Class

Counsel's request for attorneys' fees and expenses, and a Service Award to each of the Plaintiffs as the Settlement Class representatives.

17. "Long Form Notice" means the form of notice that shall be posted on the Settlement Website and shall be available to Settlement Class Members by mail upon request made to the Settlement Administrator in the form attached as Exhibit 3.

18. "Net Settlement Fund" means the Settlement Amount minus: (i) payment of any Court-ordered award of Class Counsel's attorneys' fees and litigation expenses; (ii) payment of any Court-ordered Service Awards to Plaintiffs; (iii) payment of any Settlement Administrator fees, charges, and expenses in connection with the Settlement Administrator's duties described herein; (iv) payment of any taxes as set forth herein; and (v) payment of any other fees, costs and expenses not specifically enumerated, subject to approval of Class Counsel, Defendants' Counsel and the Court.

19. "Notice" means the notice of this proposed Settlement and the Final Approval Hearing, which is to be sent to the Settlement Class substantially in the manner set forth in this Agreement in Section VI.

20. "Notice Date" means the date by which the Notice Program is commenced.

21. "Notice Program" means the methods provided for in this Agreement for giving Notice and consists of Digital Notice, Email Notice, Postcard Notice, and Long Form Notice substantially in the forms attached hereto as Exhibits 1-4.

22. "Objection Deadline" means thirty (30) calendar days after the Notice Date (or other date as ordered by the Court)

23. "Opt-Out Deadline" means thirty (30) calendar days after the Notice Date (or other date as ordered by the Court).

24. "Parties" means Plaintiffs Robert Feeman and Bradley Bailey, individually and as putative representatives of the Settlement Class, and Defendants Albert Corporation and Albert Cash, LLC.

25. "Plaintiffs" means Robert Feeman and Bradley Bailey, individually and as putative representatives of the Settlement Class.

26. "Postcard Notice" means the form of notice that shall be made via first-class U.S. mail in the form attached as Exhibit 4.

27. "Preliminary Approval" means entry of the Preliminary Approval Order.

28. "Preliminary Approval Order" means the document attached as Exhibit 5.

29. "Qualified Settlement Fund" shall have the meaning set forth in United States Treasury Reg. § 1.468B-1.

30. "Released Claims" means all claims released by this Agreement as specified in Section XI.

31. "Releases" means all of the releases contained in Section XI of this Agreement.

32. "Released Parties" means those persons and entities released in Section XI of this Agreement.

33. "Releasors" means Plaintiffs and all Settlement Class Members, and each of their respective heirs, assigns, beneficiaries and successors.

34. "Request for Exclusion" means the submission available to all Settlement Class Members to opt out of the Settlement Class as specified in Section VI.

35. "Service Award(s)" means any court-approved payment to Plaintiffs as the Settlement Class representatives, separate and apart from any payment due Plaintiffs as Settlement Class Members.

36. "Settlement" means the settlement of the Action by the Parties and the terms thereof contemplated by this Agreement.

37. "Settlement Administrator" is Simpluris, Inc.

38. "Settlement Class" means all Albert Instant customers who from December 1, 2024, through the date an order granting preliminary approval is entered

1    received any Albert Instant advance in connection with which they paid a transfer fee

2    and were active-duty servicemembers or were spouses or eligible dependents of such

3    servicemembers at the time they took such Albert Instant advance. Excluded from the

4    Settlement Class are: (i) Defendants, and their parents, subsidiaries, affiliates, and

5    directors; (ii) all Settlement Class Members who make a timely election to be

6    excluded; and (iii) all judges assigned to this litigation and their immediate family

7    members.

8        39.    "Settlement Class Member" means a person eligible to participate in the

9    Settlement Class.

10       40.    "Settlement Fund" means the amount of five million two hundred

11   thousand dollars ($5,200,000.00) to be paid by Defendants under the terms of this

12   Agreement.

13       41.    "Settlement Website" means the website that the Settlement

14   Administrator will establish as a means for Settlement Class Members to obtain notice

15   of and information about the Settlement, through and including hyperlinked access to

16   this Agreement, the Long Form Notice, Preliminary Approval Order, and such other

17   documents as the Parties agree to post or that the Court orders posted on the website.

18       42.    "Taxes" means federal or state income taxes, including any estimated

19   taxes, and any interest or penalties relating to them as specified in Section III.

20   **III.    SETTLEMENT BENEFITS**

21       43.    In exchange for the mutual promises and covenants in this Agreement,

22   including, without limitation, the Releases set forth in Section XI and the dismissal of

23   the Action with prejudice upon Final Approval, Defendants agree to establish the

24   Settlement Fund of $5,200,000.00.

25       44.    The Settlement Fund shall be used for the following purposes:

26           a.    All payments to Settlement Class Members;

27           b.    Payment of any Court-ordered award of Class Counsel's

28   attorneys' fees, costs, and expenses pursuant to Section XII(A) hereof;

8

c.    Payment of any Court-ordered Service Awards to Plaintiffs pursuant to Section XII(B) hereof;

d.    Payment of any Settlement Administrator fees, charges, and expenses in connection with the Settlement Administrator's duties described in Section V hereof;

e.    Payment of any Taxes as set forth in Paragraph 47; and

f.    Payment of any other fees, costs and expenses not specifically enumerated in subparagraphs (a) through (e) of this paragraph, subject to approval of Class Counsel, Defendants' Counsel and the Court.

45.    In no event shall Defendants be required to pay more than the amount of the Settlement Fund (i.e. $5,200,000.00) in connection with this Settlement. No portion of the Settlement Fund shall revert to Defendants, except if and where the Settlement is terminated pursuant to Section X.

46.    Within fourteen (14) calendar days of Preliminary Approval, Defendants shall fund the Escrow Account with funds sufficient for the Settlement Administrator to effectuate Notice to Settlement Class Members. Within fourteen (14) calendar days of the Effective Date, Defendants shall deposit into the Escrow Account the remainder of the Settlement Amount not already funded pursuant to the preceding sentence.

47.    The funds in the Escrow Account shall be deemed a "qualified settlement fund" within the meaning of United States Treasury Reg. § 1.468B-1 at all times starting with creation of the Escrow Account. All taxes (including any estimated taxes, and any interest or penalties relating to them) arising with respect to the income earned by the Escrow Account for any period during which the Escrow Account does not qualify as a "qualified settlement fund" for the purpose of federal or state income taxes or otherwise (collectively "Taxes"), shall be paid out of the Escrow Account. Defendants, Defendants' Counsel, Plaintiffs and Class Counsel shall have no liability or responsibility for any of the Taxes. The Escrow Account shall indemnify and hold

9

Defendants, Defendants' Counsel, Plaintiffs and Class Counsel harmless for all Taxes (including, without limitation, Taxes payable by reason of any such indemnification).

48.    In addition to establishing the Settlement Fund, Defendants agree, beginning on or before September 30, 2025, to adopt practices designed to refrain from assessing transfer fees on direct transfers of Albert Instant advances to active-duty service members or eligible dependents under the Military Lending Act, for a period of two (2) years, or until September 30, 2027.

## IV.    PRELIMINARY APPROVAL

49.    Upon execution of this Agreement by the Parties, Class Counsel shall promptly move the Court for Preliminary Approval. The proposed Preliminary Approval Order shall be attached to the motion, or otherwise filed with the Court, and shall be in a form attached hereto as Exhibit 5.

50.    The motion for Preliminary Approval shall, among other things, request that the Court: (i) preliminarily approve the terms of the Settlement as being within the range of what is fair, adequate, and reasonable; (ii) find that it will be likely to certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23, for settlement purposes only; (iii) appoint Plaintiffs as the representatives of the Settlement Class; (iv) approve the Notice Program described herein and approve the form and content of the Notices; (v) approve the procedures set forth herein for Settlement Class Members to exclude themselves from the Settlement or to object to the Settlement; (vi) stay the Action pending Final Approval of the Settlement; and (vii) schedule a Final Approval Hearing for a time and date mutually convenient for the Court, Class Counsel and Defendants' Counsel, at which the Court will conduct an inquiry into the fairness, reasonableness and adequacy of the Settlement, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees and litigation expenses and for a Service Award to each of the Plaintiffs.

51.    The Parties further agree that in the motion seeking Preliminary Approval, Plaintiffs will request that the Court enter the proposed order attached hereto as Exhibit 5.

**V.    SETTLEMENT ADMINISTRATOR**

52.    The Settlement Administrator shall administer various aspects of the Settlement as described below and perform such other functions assigned to the Settlement Administrator elsewhere in this Agreement, including, but not limited to: effectuating the Notice Program pursuant to Section VI below and distributing the Settlement Fund as provided herein. Class Counsel, in consultation with Defendants' Counsel, shall supervise and oversee the Settlement Administrator.

53.    Settlement Administrator fees, charges and expenses shall be paid from the Escrow Account within thirty (30) calendar days of Class Counsel's and Defendants' Counsel's receipt and approval of an invoice from the Settlement Administrator. Because the Notice and Settlement administration costs are being paid from the Settlement Fund, payments to the Settlement Administrator shall not be conditioned on Final Approval.

54.    The duties of the Settlement Administrator, in addition to other responsibilities that are described in this Agreement, are as follows:

a.    Obtain from Defendants the names, email addresses, and mailing addresses (to the extent reasonably available) for persons in the Settlement Class, and, to the extent necessary, verify and update the addresses received through the National Change of Address database for the purpose of mailing Notice, and mailing distribution checks to Settlement Class Members;

b.    Establish and maintain a Post Office Box for requests for exclusion from Settlement Class Members;

c.    Establish and maintain the Settlement Website;

d.    Establish and maintain an automated toll-free telephone line for persons in the Settlement Class to call for information on the Settlement (except

that the Settlement Administrator shall not give, and shall not be expected to give, legal advice);

e.     Respond to any mailed inquiries from persons in the Settlement Class;

f.     Process all requests for exclusion from persons in the Settlement Class;

g.     Provide weekly reports and a final report to Class Counsel and Defendants' Counsel that summarize the number of requests for exclusion received that week, the total number of exclusion requests received to date and other pertinent information;

h.     At Class Counsel's request in advance of the Final Approval Hearing, prepare an affidavit to submit to the Court that identifies each Settlement Class Member who timely and properly requested exclusion from the Settlement Class;

i.     Process and transmit distributions to Settlement Class Members from the Net Settlement Fund;

j.     Perform all tax-related services for the Escrow Account as provided herein;

k.     Perform any other Settlement-administration-related function at the instruction of Class Counsel and Defendants' Counsel; and

l.     Pay invoices, expenses and costs upon approval by Class Counsel and Defendants' Counsel, as provided in this Agreement.

**VI.**   **<u>NOTICE TO THE SETTLEMENT CLASS</u>**

55.    No later than twenty-one (21) days after Preliminary Approval, Defendants shall produce an electronic list from their records that includes the names, email addresses, and mailing addresses, to the extent available, belonging to persons within the Settlement Class (the "Class List"). Defendants represent that the Class List shall identify the email addresses and mailing addresses that were provided to

Defendants by Settlement Class Members. Class Counsel's assent to this Agreement shall constitute consent on behalf of the Settlement Class to disclose this information. The Class List shall be provided to the Settlement Administrator. Neither the Settlement Administrator nor Class Counsel shall use the Class List, or any information contained within it, for any other purposes other than administering the Settlement, and both the Settlement Administrator and Class Counsel shall take reasonable measures to protect the information from any third-party disclosure.

56.    No later than forty-five (45) days after Preliminary Approval, the Settlement Administrator shall implement the Notice Program outlined herein, using the forms of Notice approved by the Court in the Preliminary Approval Order.

57.    All Settlement Class Members shall be given the opportunity to opt out of the Settlement Class by submitting a "Request for Exclusion." All Requests for Exclusion must be in writing, sent to the Settlement Administrator and postmarked no later than the Opt-Out Deadline. To be valid, a Request for Exclusion must be sent to the Settlement Administrator, postmarked no later than the Opt-Out Deadline, and personally signed by the Settlement Class Member, and must include: (1) the individual's name, address, and telephone number; and (2) a statement substantially to the effect that: "I request to be excluded from the Settlement Class in *Feeman, et al., v. Albert Corporation*, 2:25-cv-03605-MWC-BFM (C.D. Cal.)." Notwithstanding the foregoing, no person within the Settlement Class, nor any person acting on behalf of or in concert or participation with that person, may submit a Request for Exclusion of any other person within the Settlement Class.

58.    The Settlement Administrator will, within five (5) business days of receiving any Request for Exclusion, provide counsel for the Parties with a copy of the Request for Exclusion. Further, the Settlement Administrator will, no later than seven (7) calendar days after the Opt-Out Deadline, provide the Parties with a list of all persons who timely submitted Requests for Exclusion.  The Settlement Class will

not include any individuals who send timely and valid Requests for Exclusion, and such individuals are not entitled to receive any relief under this Settlement.

59.    The Notice shall also include a procedure for Settlement Class Members to object to the Settlement and/or to Class Counsel's application for attorneys' fees, litigation expenses and for Service Awards to the Plaintiffs. Objections must be filed with the Clerk of the Court by the Objection Date, and mailed to Class Counsel and Defendants' Counsel. For an objection to be considered by the Court, the objection must be postmarked no later than the Objection Deadline, as specified in the Notice, and must also:

a.    State the name of the Action (*Feeman, et al., v. Albert Corporation*, 2:25-cv-03605-MWC-BFM (C.D. Cal.);

b.    Include the objector's full name, address and telephone number;

c.    State all factual and legal grounds for the objection, accompanied by any legal support for the objection known to the objector or his or her counsel;

d.    Identify the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector has made such objection, and include a copy of any orders or opinions related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

e.    Identify all counsel representing the objector;

f.    List all persons who will be called to testify at the Final Approval Hearing in support of the objection;

g.    Include a statement regarding whether the objector or his or her counsel intends to personally appear and/or testify at the Final Approval Hearing; and

h.    Include the objector's signature (an attorney's signature is not sufficient).

14

60.    The Notice Plan shall consist of the following:

a.    Digital Notice via the Albert application for all Settlement Class Members who are current users of the Albert application;

b.    Email Notice to Settlement Class Members for whom Defendants have email addresses;

c.    Postcard Notice to Settlement Class Members who are not current users of the Albert application for whom Email Notice is not sent because email addresses are not available in the Class List; and

d.    Long Form Notice posted to the Settlement Website.

61.    For each Settlement Class Member for whom an attempted Email Notice is returned or bounced back as undeliverable, the Settlement Administrator will mail, via first-class mail, a Postcard Notice to the Settlement Class Member at the address identified in the Class List. Before mailing the Postcard Notice, the Settlement Administrator will verify and update the mailing addresses received through the United States Postal Service's National Change of Address database to maximize address accuracy.

62.    The Settlement Administrator will perform reasonable address traces for all Postcard Notices that are returned as undeliverable and will promptly re-mail a Postcard Notice to those Settlement Class Members whose original postcards were returned as undeliverable and whose new addresses were identified.

## VII.    <u>FINAL APPROVAL ORDER AND JUDGMENT</u>

63.    Plaintiffs' motion for Preliminary Approval will include a request to the Court for a scheduled date on which the Final Approval Hearing will occur. Plaintiffs shall file their motion to Final Approval of the Settlement and their application for attorneys' fees, costs and expenses and for Service Awards for Plaintiffs no later than fourteen (14) calendar days prior to the Objection and Opt-Out Deadlines. Plaintiffs shall file any supplemental briefing and respond to objections, if any, within fourteen (14) calendar days before the Final Approval

Hearing. The Final Approval Hearing will be held at least ninety-six (96) calendar days from Preliminary Approval or as so ordered by the Court. At the Final Approval Hearing, the Court will hear argument on Plaintiffs' motion for Final Approval of the Settlement, and on Class Counsel's application for attorneys' fees, litigation expenses and for Service Awards for the Plaintiffs. In the Court's discretion, the Court also will hear argument at the Final Approval Hearing from Settlement Class Members (or their counsel) who objected to the Settlement or to the application for attorneys' fees, litigation expenses or Service Awards, provided the objectors filed valid and timely objections that meet all of the requirements listed herein.

64.   The Court, at the Final Approval Hearing, will determine whether to enter the Final Approval Order granting Final Approval of the Settlement, and whether and in what amount to approve Class Counsel's request for attorneys' fees, litigation expenses and Service Awards. A proposed Final Approval Order mutually agreed to by the Parties will be submitted to the Court and shall, among other things:

    a.    Determine that the Settlement is fair, reasonable and adequate;

    b.    Finally certify the Settlement Class for settlement purposes only;

    c.    Determine that the Notice provided to Settlement Class Members satisfies due process requirements;

    d.    Dismiss the Action with prejudice;

    e.    Bar and enjoin Plaintiffs and all Settlement Class Members from asserting any of the Released Claims;

    f.    Release the Released Parties from the Released Claims, as set forth herein; and

    g.    Reserve the Court's continuing and exclusive jurisdiction over the Parties to this Agreement to administer, supervise, construe and enforce this Agreement in accordance with its terms.

## VIII. <u>ALLOCATION OF THE NET SETTLEMENT FUND</u>

65.    Defendants shall tabulate the value of the transfer fees paid by each Settlement Class Member during the Class Period in connection with Albert Instant advances. The Settlement Administrator shall then determine the amount of distribution from the Net Settlement Fund to each Settlement Class Member on a pro rata basis, based on the dollar amount of the transfer fees the Settlement Class Member paid.

66.    For purposes of issuance of settlement payments, the primary account holder along with any joint or co-holders shall be treated as one person. Any settlement checks for Settlement Class Members who are joint or co-holders shall be issued payable to only the primary account holder but shall be deemed to satisfy any rights or interest of any joint or co-owners of the account and shall be mailed to the last known address of the primary account holder.

## IX. <u>DISTRIBUTION OF NET SETTLEMENT FUND TO SETTLEMENT CLASS MEMBERS</u>

67.    Within forty-five (45) days after the Effective Date, the Settlement Administrator will distribute the Net Settlement Fund to the Settlement Class Members, consistent with Section VIII above.

68.    All payments made pursuant to Paragraphs 65-66 shall be paid from the Net Settlement Fund. Payments will be made by check, in a form approved by Class Counsel and Defendants' Counsel. The checks will be cut and mailed by the Settlement Administrator, and will be sent to the addresses that the Settlement Administrator identifies as valid Settlement Class Member addresses. Checks shall be valid for one hundred twenty (120) calendar days. The Settlement Administrator will make reasonable efforts to locate the proper address for any Settlement Class Member whose check is returned by the Postal Service as undeliverable, and will re-mail it once to the updated address.

69.    Within thirty (30) calendar days after the latest issued check is no longer valid pursuant to Paragraph 68, any funds remaining in the Escrow Account shall be disposed of in the following manner:

a.    The Settlement Administrator shall distribute the remaining funds on a pro rata basis in a second distribution (and if warranted a third distribution) to Settlement Class Members who cashed or redeemed their initial settlement payments, to the extent administratively feasible and economically reasonable after deducting the costs of a redistribution which will be paid from the Settlement Fund. Any second or third distribution will be made in the same manner as the first distribution. In no event shall there be more than three total distributions.

b.    Following the redistributions, or if no redistribution is required to be made, any remaining unclaimed settlement funds shall be distributed to Operation Homefront as *cy pres* recipient.

c.    Any residual *cy pres* distribution shall be paid as soon as reasonably possible following the completion of distribution and redistributions, if any, of funds to the Settlement Class Members.

## X.    TERMINATION OF SETTLEMENT

70.    This Settlement may be terminated by either Defendants' Counsel or Class Counsel by serving on counsel for the opposing Party and filing with the Court a written notice of termination within ten (10) calendar days after any of the following occurrences:

a.    The Court rejects, materially modifies, materially amends or changes, or declines to preliminarily or finally approve the Settlement;

b.    An appellate court reverses the Final Approval Order, and the Settlement is not reinstated without material change by the Court on remand;

c.    Any court incorporates into, or deletes or strikes from, or modifies, amends, or changes, the Preliminary Approval Order, Final Approval

18

Order, or the Settlement in a way that either Party reasonably considers material;

        d.    The Effective Date does not occur as contemplated by this Settlement Agreement; or

        e.    Any other ground for termination provided for elsewhere in this Agreement.

71.    If 5% or more of the Settlement Class Members opt out of the settlement in accordance with this Agreement, Defendants shall have the option to terminate this Agreement and the Settlement and will have no further obligations under the Agreement unless Defendants waive in writing their right to terminate the Agreement under this section.

72.    In the event of a termination pursuant to this Section, this Agreement shall be considered null and void; all obligations under the Settlement shall cease to be of any force and effect; and the Parties shall return to the status quo ante in the Action as if the Parties had not entered into this Agreement. In addition, in the event of such a termination, all of the Parties' respective pre-Settlement claims and defenses will be preserved, Defendants shall not be prejudiced in any way from seeking to compel arbitration and opposing class certification in the Action, and Plaintiffs shall not use anything in this Agreement, in any term sheet, or in the Preliminary Approval Order or Final Approval Order to oppose arbitration, to support a motion for class certification, or as evidence of any wrongdoing by Defendants. Each Party reserves the right to prosecute or defend this Action in the event that this Agreement does not become final and binding.

73.    In the event of a termination pursuant this Section, any funds remaining in the Escrow Account shall be returned to Defendants within ten (10) calendar days of termination, less any money that the Escrow Account has incurred as an obligation to pay for administration-related costs and expenses.

19

74.     In the event of a termination pursuant to this Section, any discussions, offers, or negotiations associated with this Settlement shall not be discoverable or offered into evidence or used in the Action or any other action or proceeding for any purpose, without prejudice to Plaintiffs' right to seek discovery and class certification, and Defendants' right to oppose such discovery and class certification. In such event, all Parties to the Action shall stand in the same position as if this Agreement had not been negotiated, made or filed with the Court.

## XI.    **RELEASES**

75.     As of the Effective Date, Plaintiffs and all Settlement Class Members who do not timely and validly opt-out of the Settlement (collectively, "Releasors") release Defendants and each of their present, former, and future parents, predecessors, successors, assigns, assignees, affiliates, conservators, divisions, departments, subdivisions, owners, partners, principals, trustees, shareholders, joint ventures, co-venturers, officers, and directors (whether acting in such capacity or individually), attorneys, vendors, insurers, accountants, nominees, agents (alleged, apparent, or actual), representatives, employees, contractors, lenders, managers, administrators, and each person or entity acting or purporting to act for them or on their behalf (collectively, "Released Parties") from any and all actions, causes of action, claims or demands that have been or could have been asserted in any form by Releasors, including but not limited to, statutory or regulatory violations, negligence, contract, common law claims and any damages (including any compensatory damages, special damages, consequential damages, punitive damages, statutory damages and/or penalties, attorneys' fees, costs, and entitlement to equitable relief) proximately caused thereby or attributable thereto, direct or indirect, whether or not currently known, arising out of their use of the Albert Instant product between December 1, 2024, and the date the Court enters an order granting preliminary approval of the Settlement.

76.    Releasors waive and release any and all provisions, rights, and benefits conferred either: (i) by section 1542 of the California Civil Code; or (ii) by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code, with respect to the claims released pursuant to Section XIV hereto. Section 1542 of the California Civil Code reads:

**Section 1542. <u>Certain claims not affected by general release</u>.** A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Releasors may hereafter discover facts other than or different from those that they know or believes to be true with respect to the subject matter of the claims released, or the law applicable to such claims may change. Nonetheless, each Releasor expressly agrees that, as of the Effective Date, he/she shall have automatically and irrevocably waived and fully, finally and forever settled and released any known or unknown, suspected or unsuspected, asserted or unasserted, liquidated or unliquidated, contingent or non-contingent claims with respect to all of the matters and conduct described in or subsumed by this Paragraph and Paragraph 75. Further, Releasors agree and acknowledge that they shall be bound by this Agreement, including by the releases contained herein, and that all of their claims in the Action shall be dismissed with prejudice and released, whether or not such claims are concealed or hidden; without regard to subsequent discovery of different or additional facts and subsequent changes in the law; and even if they never receive actual notice of the Settlement or never receive a distribution of funds or credits from the Settlement.

## XII.  ATTORNEYS' FEES, LITIGATION EXPENSES, AND SERVICE AWARDS

### A.  Class Counsel's Attorneys' Fees and Litigation Expenses

77.    Class Counsel shall file a motion with the Court for consideration at the Final Approval Hearing seeking to be paid attorneys' fees of up to 25% of the Settlement Fund plus reasonable litigation expenses, to be paid from the Settlement Fund. The Parties agree not to appeal any award of attorneys' fees of up to 25% of the Settlement Fund to Class Counsel.

78.    Any award of attorneys' fees and litigation expenses to Class Counsel shall be payable solely from the Escrow Account and taken from the Settlement Fund, and is subject to Court approval. Notwithstanding anything herein, the Court's failure to approve, in whole or in part, any award of attorneys' fees and/or expenses to Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. In the event the Court declines to approve, in whole or in part, the payment of attorneys' fees and/or expenses to Class Counsel in the amounts sought by Class Counsel, or at all, the remaining provisions of this Agreement shall remain in full force and effect.

79.    Within three (3) calendar days of the Defendants' funding of the remainder of the Settlement Amount as set forth in Paragraph 46 herein, the Settlement Administrator shall pay from the Escrow Account to Class Counsel all Court-approved attorneys' fees and litigation expenses. Class Counsel shall furnish to the Settlement Administrator any required tax information or forms before the payment is made.

22

**B.    Class Representatives' Service Awards**

80.    Class Counsel on behalf of the Plaintiffs may apply to the Court for a service award of up to $5,000 for each Plaintiff serving as a Settlement Class representative.

81.    Any Court-awarded Service Awards are to be paid solely from the Escrow Account and taken from the Settlement Fund. Any Court-awarded Service Awards shall be paid to Plaintiffs in addition to any payments Plaintiffs are entitled to receive as Settlement Class Members. Notwithstanding anything herein, the Court's failure to approve, in whole or in part, the Service Awards sought by Class Counsel shall not prevent the Agreement from becoming effective, nor shall it be grounds for termination. In the event the Court declines to approve, in whole or in part, a Service Award in the amount set forth above, or at all, the remaining provisions of this Agreement shall remain in full force and effect. Payment of any Court-Awarded Service Awards shall be made within three (3) calendar days of the Defendants' funding of the remainder of the Settlement Amount as set forth in Paragraph 46 herein.

82.    The Parties negotiated and reached the agreement regarding attorneys' fees, litigation expenses, and Service Awards, as set forth in this Section, only after reaching agreement on all other material terms of this Settlement.

**XIII.  THE PARTIES' RESPECTIVE POSITIONS ON THE ACTION AND SETTLEMENT**

83.    Nothing contained in this Agreement shall be used or construed as an admission of liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement

84.    The Parties understand and acknowledge that this Agreement constitutes a compromise and settlement of disputed claims. No action taken by the Parties either

previously or in connection with the negotiations or proceedings connected with this Agreement shall be deemed or construed to be an admission of the truth or falsity of any claims or defenses heretofore made, or an acknowledgment or admission by any party of any fault, liability or wrongdoing of any kind whatsoever.

85.     Class Counsel and Plaintiffs believe that the claims asserted in the Action have merit, and they have examined and considered the benefits to be obtained under the proposed Settlement set forth in this Agreement, the risks associated with the continued prosecution of this complex, costly and time-consuming litigation, and the likelihood of success on the merits of the Action. Class Counsel have fully investigated the facts and law relevant to the challenged practices and the merits of the claims. Class Counsel and Plaintiffs have concluded that the proposed Settlement set forth in this Agreement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

86.     Defendants deny each and every claim and allegation of wrongdoing asserted in the Action and do not by this Agreement or otherwise admit any liability or wrongdoing of any kind. Defendants believe they would ultimately be successful in their defense of all claims asserted in the Action.  Defendants have agreed to enter into this Agreement to avoid the further expense, inconvenience and distraction of protracted litigation, and to be completely free of any further claims that were asserted or could have been asserted in the Action.

87.     Neither the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be, or may be used as, an admission of, or evidence of, the validity of any claim made by the Plaintiffs or Settlement Class Members, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be, or may be used as, an admission of, or evidence of, any fault or omission of any of the Released Parties, in the Action or in any proceeding in any court, administrative agency or other tribunal.

88.     In addition to any other defenses Defendants may have at law, in equity, or otherwise, to the extent permitted by law, this Agreement may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit or other proceeding that may be instituted, prosecuted or attempted in breach of this Agreement or the Releases contained herein.

## XIV.  MISCELLANEOUS PROVISIONS

89.     Gender and Plurals. As used in this Agreement, the masculine, feminine, or neutral gender, and the singular or plural number, shall each be deemed to include the others whenever the context so indicates.

90.     Binding Effect. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Releasors and the Released Parties.

91.     Cooperation of Parties. The Parties to this Agreement agree to cooperate in good faith to prepare and execute all documents, to seek Court approval, defend Court approval and to do all things reasonably necessary to complete and effectuate the Settlement described in this Agreement. This obligation of the Parties to support and complete the Settlement shall remain in full force and effect regardless of events that may occur, or court decisions that may be issued, in any other case in any court.

92.     Obligation to Meet and Confer. Before filing any motion in the Court raising a dispute arising out of or related to this Agreement, the Parties shall consult with each other and certify to the Court that they have conferred.

93.     Integration. This Agreement constitutes a single, integrated written contract expressing the entire agreement of the Parties relative to the subject matter herein. No covenants, agreements, representations, or warranties of any kind whatsoever have been made by any Party hereto, except as provided for herein.

94.     No Conflict Intended. Any inconsistency between the headings used in this Agreement and the text of the paragraphs of this Agreement shall be resolved in favor of the text.

95.    <u>Counterparts</u>. This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, even though all Parties do not sign the same counterparts. Original signatures are not required. Any signature submitted by facsimile or through email of an Adobe PDF shall be deemed an original.

96.    <u>Exclusive Jurisdiction</u>. The Court shall have exclusive jurisdiction over any suit, action, proceeding or dispute arising out of or relating to this Agreement that cannot be resolved by negotiation and agreement by counsel for the Parties. The Court shall retain jurisdiction with respect to the administration, consummation and enforcement of the Agreement and shall retain jurisdiction for the purpose of enforcing all terms of the Agreement. The Court shall also retain jurisdiction over all questions and/or disputes related to the Notice Program and the Settlement Administrator. As part of its agreement to render services in connection with this Settlement, the Settlement Administrator shall consent to the jurisdiction of the Court for this purpose.

97.    <u>Notices</u>. All notices to counsel provided for herein shall be sent by email with a hard copy sent by overnight mail to:

***<u>As to Plaintiffs and the Settlement Class</u>***:
Joshua R. Jacobson
joshua@jacobsonphillips.com
**JACOBSON PHILLIPS PLLC**
2277 Lee Road, Suite B
Winter Park, Florida 32789
Telephone: (321) 447-6461

Randall K. Pulliam
rpulliam@cbplaw.com
Lee Lowther
llowther@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
1 Allied Drive, Suite 1400
Little Rock, Arkansas 72202
Telephone: (501) 312-8500

Gillian L. Wade
gwade@waykayslay.com
Marc A. Castaneda
marc@waykayslay.com
**WADE KILPELA SLADE LLP**

26

2450 Colorado Avenue, Ste. 100E
Santa Monica, California 90404
Telephone: (310) 396-9600

***As to Defendants*:**
Elizabeth L. McKeen (SBN 216690)
emckeen@omm.com
Danielle N. Morris (SBN 246295)
dmorris@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

The notice recipients and addresses designated above may be changed by written notice. Upon the request of any of the Parties, the Parties agree to promptly provide each other with copies of objections, requests for exclusion, or other filings received as a result of the Notice Program.

98.    Modification and Amendment. This Agreement may be amended or modified only by a written instrument signed by the Parties and their respective counsel and approved by the Court.

99.    No Waiver. The waiver by any party of any breach of this Agreement by another Party shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent, or contemporaneous, of this Agreement.

100.    Authority. Any person executing this Agreement in a representative capacity represents and warrants that he or she is fully authorized to do so and to bind the Party on whose behalf he or she signs this Agreement to all of the terms and provisions of this Agreement.

101.    Agreement Mutually Prepared. Neither Defendants nor Plaintiffs, nor any of them, shall be considered to be the drafter of this Agreement or any of its provisions for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter of this Agreement.

102.    Independent Investigation and Decision to Settle. The Parties understand and acknowledge that: (a) they have performed an independent investigation of the

27

allegations of fact and law made in connection with the Action; and (b) even if they may hereafter discover facts in addition to, or different from, those that they now know or believe to be true with respect to the subject matter of the Action as reflected in this Agreement, that will not affect or in any respect limit the binding nature of this Agreement. Defendants have and/or are providing information as set forth herein to identify persons in the Settlement Class and to effectuate Notice. It is the Parties' intention to resolve their disputes in connection with the Action pursuant to the terms of this Agreement now and thus, in furtherance of their intentions, the Agreement shall remain in full force and effect notwithstanding the discovery of any additional facts or law, or changes in law, and this Agreement shall not be subject to rescission or modification by reason of any changes or differences in facts or law, subsequently occurring or otherwise.

103.  <u>Receipt of Advice of Counsel.</u> Each Party acknowledges, agrees and specifically warrants that he, she, or it has fully read this Agreement and the Releases contained herein, received independent legal advice with respect to the advisability of entering this Agreement and the Releases, and the legal effects of this Agreement and the Releases, and fully understands the effect of this Agreement and the Releases.

[Remainder of this page intentionally left blank]

DATED  10/29/2025  _____

_____

Joshua R. Jacobson (*pro hac vice*)
joshua@jacobsonphillips.com
**JACOBSON PHILLIPS PLLC**
2277 Lee Road, Suite
Winter Park, Florida 32789
Telephone: (321) 447-6461                    .

_____

Randall K. Pulliam (*pro hac vice*)
rpulliam@cbplaw.com
Lee Lowther (*pro hac vice*)
llowther@cbplaw.com
Courtney Ross Brown (*pro hac vice*)
cbrown@cbplaw.com
**CARNEY BATES & PULLIAM, PLLC**
One Allied Drive, Suite 1400
Little Rock, Arkansas 72202
Telephone: (501) 312-8500
Facsimile: (501) 312-8505


*Attorneys for Plaintiffs*


-And-


_____
Elizabeth L. McKeen (SBN 216690)
emckeen@omm.com
Danielle N. Morris (SBN 246295)
dmorris@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429
Telephone: (949) 823-6900
Facsimile: (949) 823-6994


*Attorneys for Defendants*

29

1

Approved as to form:

2

3

Danielle N. Morris (SBN 246295)
dmorris@omm.com
**O'MELVENY & MYERS LLP**
610 Newport Center Drive, 17th Floor
Newport Beach, California 92660-6429
Telephone: (949) 823-6900
Facsimile: (949) 823-6994

4

5

6

7

*Attorney for Defendants*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Robert Feeman**

2

3   Date:

10/28/2025

4

5

6

7

**Bradley Bailey**

8

9   Date:

10   10/28/2025

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  DATED  _10/29/2025 | 9:03:32 AM PDT_____

2  DocuSigned by:

3  *Malcolm Katz*_____
   Malcolm Katz

4

5  *Authorized Representative for*
   *Albert Corporation and Albert Cash, LLC*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

**Class Action Settlement Notice**: You have been identified as a potential class member eligible for a payment from a class action settlement—visit www.xyz.com for details.

# EXHIBIT 2

Name: <<Name>>
Notice ID:  <<Notice ID>>
Confirmation Code: <<Confirmation Code>>

*Feeman v. Albert Corp.*, Case No. 2:25-cv-03605

## A FEDERAL COURT AUTHORIZED THIS NOTICE

**You have been identified as a class member in a class action lawsuit.**

**You are eligible to receive a payment from a Settlement the parties are asking the Court to approve.**

**Your rights and options are explained in this Notice. Please read this Notice carefully.**

**You are not being sued.**

### WHAT IS THIS CASE ABOUT?

Plaintiffs Robert Feeman and Bradley Bailey ("Plaintiffs") filed a class action lawsuit. That is a lawsuit seeking to recover on behalf of a group of people, called a "class."

Plaintiffs claim that Defendants, Albert Corporation and Albert Cash, LLC (collectively, "Defendants"), offered a cash advance product ("Albert Instant") that violated the Military Lending Act (MLA), Truth in Lending Act (TILA), and Georgia Payday Lending Act (PLA)'s disclosure requirements and interest-rate caps.

Defendants deny any and all allegations or assertions of wrongdoing in this lawsuit, and deny any and all allegations or assertions that they are liable to Plaintiffs or to any member of the Class. Defendants have, however, agreed to settle the lawsuit to avoid additional litigation burdens and expenses.

### AM I INCLUDED IN THE SETTLEMENT?

Yes. Defendants' records indicate you are a member of the Settlement Class, which is defined below.

### WHO IS INCLUDED IN THE SETTLEMENT?

The Settlement encompasses a group, or "class," of people. A description of the Class is provided below. If you received an email notice, mail notice, or notice through the Albert app of the Settlement, that notice should state that you are a Member of the Settlement Class.

**Settlement Class**: You are in the Settlement Class if, between December 1, 2024, through [insert date of order granting preliminary approval], you received an Albert Instant advance for which you paid an Instant Transfer Fee while you were an active-duty servicemember or were the spouse or eligible dependent of such a servicemember at the time you obtained the advance.

If you are unsure whether you are a Member of the Settlement Class, you may contact the Settlement Administrator by emailing INSERT EMAIL or calling XXX-XXX-XXXX.

### WHAT DOES THE SETTLEMENT INCLUDE?

If the Court approves the Settlement, a $5,200,000 Settlement Fund will be set up to cover: (1) cash payments to Settlement Class Members, (2) attorneys' fees, (3) costs, (4) settlement administration, and (5) any service award for Plaintiffs that the Court may later approve. Payments to Settlement Class Members are tied to class membership and the dollar amount of the transfer fees each Settlement Class Member paid in connection with qualifying Albert Instant transactions between December 1, 2024, and [insert date of preliminary approval order].

**For more information, please visit the Settlement Website, LINK, email INSERT, or call XXX-XXX-XXXX.**

Defendants have also agreed to adopt practices designed to refrain from assessing transfer fees on direct transfers of Albert Instant advances to active-duty servicemembers or eligible dependents under the MLA, for a period of two (2) years, or until September 30, 2027.

## HOW MUCH MONEY WILL I RECEIVE IF I STAY IN THE SETTLEMENT CLASS?

If the Court approves the Settlement in full, each Member of the Settlement Class will automatically receive payment of approximately $\_\_\_ for each eligible Albert Instant transaction they had with Defendants during the applicable period.

## HOW WILL I BE PAID?

Unless you elect otherwise, your payment will be made as a check mailed to the most recent address you provided Albert. Before checks are mailed, the Settlement Administrator will perform a change-of-address search with the U.S. Postal Service to make sure to determine whether you have a new address listed with the USPS and, if so, will send the check to your new address.

If you would like to receive your payment through an electronic form, or if you would like to request a change of address, you will need to visit the Settlement Website, www.XYZ.com, and follow the instructions for doing so.

## WHAT ARE MY OPTIONS?

(1) **Do nothing.**

If you do nothing, you will remain in the Settlement Class and be eligible to receive a payment. Additionally, you will release any legal rights you may have against Defendants related to the claims in this lawsuit if the Court approves the Settlement. If you do not submit a payment election form through the Settlement Website (by visiting www.XYZ.com and following the instructions), your payment will be sent by check.

(2) **Exclude Yourself.**

You may exclude yourself from the Settlement Class by mailing a written notice to the Settlement Administrator, postmarked by DATE, that includes a signed and dated statement saying that you want to be excluded from the Settlement Class. If you exclude yourself, you will not receive a settlement payment and you will lose the right to object to the Settlement, but you will retain any legal rights you may have against Defendants related to the claims in this lawsuit. You can find a sample exclusion form to print and fill out at www.XYZ.com.

(3) **Object.**

If you do not exclude yourself, you have the right to appear (or to hire a lawyer to appear for you) before the Court and object to the Settlement. If you wish to object, you must file a written, signed objection with the Court (and send it to the parties) no later than DATE.

Specific instructions on how to object to or exclude yourself from the settlement are available at www.xxxxx.com.

## WHO REPRESENTS ME?

The Court has appointed lawyers from Jacobson Phillips PLLC and Carney Bates & Pulliam PLLC to serve as Class Counsel. As part of the settlement process, these lawyers will ask the Court to authorize them to make certain payments from the Settlement Fund, including: (1) settlement-administration expenses; (2) legal fees, which will not exceed 25% of the total Settlement Fund; (3) out-of-pocket costs; and (4) a service award for each Plaintiff, which will not to exceed $5,000 each ($10,000 total).

**For more information, please visit the Settlement Website, LINK, email INSERT, or call XXX-XXX-XXXX.**

<u>**WHEN WILL THE COURT CONSIDER THE SETTLEMENT?**</u>

The Court will hold a final approval hearing on ==DATE==, at ==TIME==, at United States District Court for the Central District of California, 350 W 1st Street, Suite 4311, Los Angeles, California 90012. At that hearing, the Court will: (1) hear any objections about the fairness of the Settlement; (2) decide whether to approve the requested attorneys' fees and costs, as well as Plaintiffs' service awards; and (4) decide whether the Settlement should be approved.

**For more information, please visit the Settlement Website, ==LINK==, email ==INSERT==, or call ==XXX-XXX-XXXX==.**

**For more information, please visit the Settlement Website, ==LINK==, email ==INSERT==, or call ==XXX-XXX-XXXX==.**

# EXHIBIT 3

# Class Action Settlement Notice

*Feeman v. Albert Corp.,* **No. 2:25-cv-03605**

## Authorized by the U.S. District Court for the Central District of California

### This Notice explains a proposed class action Settlement, the Settlement Class, and your legal rights and options. Please read its contents carefully.

### WHAT IS THIS CASE ABOUT?

Plaintiffs Robert Feeman and Bradley Bailey ("Plaintiffs") filed a class action lawsuit. That is a lawsuit seeking to recover on behalf of a group of people, called a "class."

Plaintiffs claim that Defendants, Albert Corporation and Albert Cash, LLC, offered a cash advance product ("Albert Instant") that violated the Military Lending Act (MLA), Truth in Lending Act (TILA), and Georgia Payday Lending Act (PLA)'s disclosure requirements and interest-rate caps.

Defendants deny any and all allegations or assertions of wrongdoing in this lawsuit, and deny any and all allegations or assertions that they are liable to Plaintiffs or to any member of the Settlement Class, defined below. Defendants have, however, agreed to settle the lawsuit to avoid additional litigation burdens and expenses.

### WHAT IS THE STATUS OF THE CASE?

Plaintiffs and Defendants (together, the "Parties") have reached a proposed settlement (the "Settlement") to resolve the lawsuit. The Settlement has been granted preliminary approval, allowing for notice to Settlement Class Members to provide them with information related to their rights and options. A Final Approval Hearing will be held to determine whether the Settlement will be granted final approval as set forth below.

The Court has not made any finding that Defendants have engaged in any wrongdoing or misconduct of any kind, or is liable in any way, including regarding Plaintiffs' alleged violations of the MLA, TILA, and PLA. The Court also has not made any determination that this lawsuit should proceed as a class action, as opposed to an individual claim brought by each Plaintiff, or that this lawsuit should proceed in court, rather than in arbitration.

This Notice explains your options as a Member of the Settlement Class. Whether or not you act, your legal rights will be affected by the proposed Settlement.

### WHO IS INCLUDED IN THE SETTLEMENT?

The Settlement encompasses a group, or "class," of people. A description of the class is provided below. If you received an email notice, mail notice, or notice through the Albert app of the Settlement, that notice should state that you are a Member of the Settlement Class.

**Settlement Class**: You are in the Settlement Class if, between December 1, 2024, through [insert date of order granting preliminary approval], you received an Albert Instant advance for which you paid an Instant Transfer Fee while you were an active-duty servicemember or were the spouse or eligible dependent of such a servicemember at the time you obtained the advance.

If you are unsure whether you are a Member of the Settlement Class, you may contact the Settlement Administrator by emailing INSERT EMAIL or calling XXX-XXX-XXXX.

2

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **STAY IN THE SETTLEMENT CLASS AND RECEIVE PAYMENT** | If you are a Member of the Settlement Class and you do nothing, then you will be bound by the Court's decisions regarding the Settlement. You will not be able to pursue any potential claims against Defendants that have been released as part of the Settlement. You may review the full release, which is available on the Settlement Website, as part of the Settlement Agreement.<br><br>If you are a Settlement Class Member, you are not required to submit a claim to receive payment. Payment will be distributed on a *pro rata* basis—via check or electronic payment method—once all valid opt out requests have been received and after costs, attorneys' fees, and any service awards to the Plaintiffs are deducted.<br><br>All Settlement Class Members who do not opt-out will receive payment if the Settlement is approved, as set forth below.<br><br>After payment of attorneys' fees, litigation expenses, settlement administration expenses, and any service awards, it is estimated that each Settlement Class Member will receive payment of approximately $___ for each eligible Albert Instant transaction, which will be delivered to the Settlement Class Member's address on file with Defendants. If you would like to receive your payment through an electronic form, or if you would like to request a change of address, you will need to visit the Settlement Website, www.XYZ.com, and follow the instructions for doing so. |
| **EXCLUDE YOURSELF BY DATE[INSERT DATE 30 DAYS AFTER NOTICE DATE]** | You can opt out of the Settlement if you want to maintain any legal rights you may have against Defendants. If you opt out, you will not be eligible to receive any settlement payment and you will lose your right to object to the Settlement because it no longer affects you.<br><br>To opt out from the Settlement, you must send a written request to the Settlement Administrator. This request must (1) state that you wish to be excluded from the Settlement and (2) include the information discussed in more detail in this Notice. The deadline to opt-out is [date]. |
| **OBJECT BY DATE[INSERT DATE 30 DAYS AFTER NOTICE DATE]** | If you do not exclude yourself, you have the right to write to the Court to object to the Settlement if you believe it is unfair. If you choose to object, you will remain a part of the Settlement Class, and you will be bound by the Court's decisions regarding the Settlement. The deadline to object is [date]. |

## LEARNING MORE ABOUT THE LAWSUIT & SETTLEMENT

**What does the Settlement include?**

3

If the Court approves the Settlement, a $5,200,000 Settlement Fund will be set up to cover: (1) cash payments to Settlement Class Members, (2) attorneys' fees, (3) costs, (4) settlement administration, and (5) any service award for Plaintiffs that the Court may later approve. Payments to Settlement Class Members are tied to class membership and the dollar amount of the transfer fees each Settlement Class Member paid in connection with qualifying Albert Instant transactions between December 1, 2024, and [insert the date of the preliminary approval order].

Defendants have also agreed to adopt practices designed to refrain from assessing transfer fees on direct transfers of Albert Instant advances to active-duty service members or eligible dependents under the Military Lending Act, for a period of two (2) years, or until September 30, 2027.

If the Court approves the Settlement in full, each Member of the Settlement Class will automatically receive payment of approximately $___ for each eligible Albert Instant transaction they had with Defendants during the applicable period. There is a possibility of a second payment. The amount of that payment will vary depending on how many initial payment checks are cashed.

## Who are the attorneys representing the Settlement Class and how will they be paid?

The Court has approved lawyers to represent the Settlement Class ("Class Counsel"). The attorneys who have been appointed by the Court to represent the Settlement Class are a team of lawyers from Jacobson Phillips, PLLC (specifically, Joshua Jacobson) and Carney Bates & Pulliam, PLLC (specifically, Randall Pulliam and Lee Lowther). You may reach Class Counsel at the following addresses/phone numbers:

> Joshua R. Jacobson
> JACOBSON PHILLIPS PLLC
> 2277 Lee Road, Suite B
> Winter Park, Florida 32789
> Telephone: (321) 447-6461
>
> Randall K. Pulliam
> Lee Lowther
> CARNEY BATES & PULLIAM, PLLC
> 1 Allied Drive, Suite 1400
> Little Rock, Arkansas 72202
> Telephone: (501) 312-8500

Class Counsel expect to ask the Court to approve attorneys' fees in the amount of 25% of the Settlement Fund ($1,300,000), plus reimbursement of their out-of-pocket expenses.

Class Counsel may also seek a service award for the two Plaintiff class representatives, in an amount not to exceed $5,000 each ($10,000 total), for their services in representing the Settlement Class.

If the Court approves them, these attorneys' fees, costs, and service awards, along with the

4

settlement administration expenses will be paid from the Settlement Fund.

### DECIDING WHAT TO DO

| **What are my options?** |
| --- |

You have three options. You can (1) remain in the Settlement; (2) exclude yourself from the Settlement (i.e., "opt out"); or (3) remain in the Settlement and object to the Settlement.

Your options and rights are explained in the following sections, along with the steps you must take if you wish to opt-out or object.

| **What are the consequences of remaining in the Settlement?** |
| --- |

You do not have to take any action to remain in the Settlement.

If you remain in the Settlement, you will not be able to pursue claims against Defendants that are covered by the Settlement's release. All of the Court's decisions regarding the Settlement will apply to you, and you will be bound by any judgment that the Court enters.

If the Court grants final approval of the Settlement: each Member of the Settlement Class will automatically receive payment of approximately $\$\_\_\_$ for each eligible Albert Instant transaction they had with Defendants during the applicable period.

| **What are the consequences of opting out of the Settlement?** |
| --- |

If you exclude yourself from the Settlement, you will not receive any money from the Settlement and you will lose your right to object to the Settlement because it no longer affects you. You will not be bound by any of the Court's orders regarding the Settlement or any judgment or release that the Court enters regarding the Settlement. You will retain any legal rights you may have against Defendants.

You will be responsible for the fees and costs of any future services provided by your own lawyer.

| **How do I opt out?** |
| --- |

If you wish to be excluded from the Settlement (to "opt out"), you must mail a written request for exclusion to the Settlement Administrator at [address]. Your request for exclusion must be in writing, sent to the Settlement Administrator and postmarked no later than [date]. Your request for exclusion must be personally signed by you and must include: (1) your name, address, and telephone number; and (2) a statement substantially to the effect that: "I request to be excluded from the Settlement Class in *Feeman, et al., v. Albert Corporation*, 2:25-cv-03605-MWC-BFM (C.D. Cal.)."

The address that you use on your exclusion request should be the address to which your notice was mailed. If you have a new address, please also inform the Settlement Administrator of this new address so they can update the appropriate records. If you exclude yourself from the Settlement, you will not be eligible to receive a payment.

5

## What happens if I object to the Settlement?

If you object according to the steps below, the Court will consider your objection. If the Court overrules your objection, you will be bound by the Court's decision, and you will remain a part of the Settlement.

## How do I object to the Settlement?

You may object to all or part of the Settlement if you think, for any reason, that it is not fair, reasonable, or adequate.

To object, you must file the objection in writing with the Clerk of Court at the United States District Court for the Central District of California, 350 W 1st Street, Suite 4311, Los Angeles, California 90012.Your objection must include (a) the name of the Action (*Feeman, et al. v. Albert Corp.*, No. 2:25-cv-03605 (C.D. Cal.)); (b) the objector's full name, address and telephone number; (c) a written explanation of the reasons why you think that the Court should not approve the Settlement, and any legal support for the objection known to the objector or their counsel; (d) the number of times in which you have objected to a class action settlement within the five preceding years, and a copy of any court ruling on such objections; (e) the identity of all counsel representing the objector; (f) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; (g) a statement regarding whether the objector or his or her counsel intends to personally appear and/or testify at the Final Approval Hearing; and (h) the objector's signature.

If you decide to object to the Settlement, your objection must be filed with the District Court on or before [date].

### ADDITIONAL INFORMATION

## When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Fairness Hearing at _____ on _____, at 350 W 1st Street, Suite 4311, Los Angeles, California 90012. At this Final Fairness Hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate. The Court will also hear objections to the Settlement, if any. We do not know how long the Court will take to make its decision after the Final Fairness Hearing. In addition, the Final Fairness Hearing may be postponed at any time by the Court without further notice to you.

You do not have to appear at the Final Fairness Hearing. If you are filing an objection, your objection should include a statement of whether or not you intend to appear at the Hearing, and whether you intend to hire an attorney (see Section "How Do I Object to the Settlement" above).

## Where can I get additional information?

Review the additional documents available on the Settlement Website, www.XYZ.com, including the current version of the Complaint and the full Settlement Agreement. You may also contact the Settlement Administrator by emailing INSERT EMAIL or calling XXX-XXX-XXXX.

6

**PLEASE DO NOT CONTACT THE COURT, THE CLERK'S OFFICE, DEFENDANTS, OR DEFENDANTS' COUNSEL TO ASK QUESTIONS ABOUT THE SETTLEMENT OR THIS NOTICE. THEY CANNOT ANSWER ANY QUESTIONS OR DISCUSS THE SETTLEMENT.**

7

# EXHIBIT 4

*Feeman v. Albert Corp.. et al.* c/o SETTLEMENT ADMIN ADDRESS INFORMATION

### COURT ORDERED NOTICE OF CLASS ACTION SETTLEMENT

*Feeman et al. v. Albert Corp. et al.*,

Case 2:25-cv-03605

Opt Out Deadline:

**DATE**

This Notice is to inform you of a Class Action Settlement and to advise you of your rights. The Court's order, including the full definitions of the Settlement Classes, can be viewed at URL LINK.

<<MAIL ID>>

<<NAME 1>>
<<NAME 2>>
<<ADDRESS LINE 1>>
<<ADDRESS LINE 2>>
<<ADDRESS LINE 3>>
<<ADDRESS LINE 4>>
<<ADDRESS LINE 5>>
<<CITY, STATE ZIP>>
<<COUNTRY>>

**What Does the Settlement Provide?** Subject to court approval, the Settlement in *Beeman et al. v. Albert Corp., et al.* (the "Class Action") resolves all claims brought against Albert Corporation and Albert Cash, LLC (collectively "Albert") for Albert Instant cash advance transactions taken by active-duty servicemembers and their dependents, in exchange for the creation of a $5,200,000 Settlement Fund.

**What are My Options?** As a potential Settlement Class Member, you have three choices. 1) **If you wish to receive money from the Settlement, you do not need to do anything.** Upon final approval of the Settlement, you will automatically receive a check payment, currently estimated at [$] per eligible transaction. However, there may be benefits to choosing to receive payment electronically. For more information, or to update your address, visit the website below. You will also be bound by any judgment approving or disapproving the Settlement. 2) **If you do not wish to participate in the Settlement, you can request exclusion from the Settlement.** If you choose to be excluded, you will not share in the Settlement proceeds, you will not be bound by any orders or judgments in this case, and you will have the right to pursue individually, at your own expense, any claim you may have against Albert. To be valid, your exclusion must be postmarked by DATE. 3) **If you do not request exclusion from the Settlement, you can object to the Settlement if you do not like any part of it.** To do so, you must file and serve a written objection by DATE. Visit the website below for more information.

**Who Represents Me?** The Court has appointed Carney Bates & Pulliam, PLLC and Jacobson Phillips PLLC to serve as Class Counsel. You do not have to pay Class Counsel to participate. Instead, they will ask the Court for an award of fees and litigation expenses from the Settlement Fund. You may hire your own lawyer, at your own expense, to appear in Court for you, but you do not have to.

**How Do I Get More Information?** For more information, you may go to URL LINK or you may contact the Administrator at 1-###-###-#### or Class Counsel at One Allied Drive, Suite 1400, Little Rock, AR 72202.

# EXHIBIT 5

1    **WADE KILPELA SLADE LLP**          **JACOBSON PHILLIPS PLLC**
     Gillian L. Wade (S.B. #229124)      Joshua R. Jacobson (*pro hac vice*)
2    gwade@waykayslay.com                joshua@jacobsonphillips.com
     Marc A. Castaneda (S.B. #299001)    2277 Lee Rd., Ste. B
3    marc@waykayslay.com                 Winter Park, FL 32789
     2450 Colorado Ave., Ste. 100E       Telephone: (321) 447-6461
4    Santa Monica, California 90404
     Telephone: (310) 396-9600

5    **CARNEY BATES & PULLIAM, PLLC**

6    Randall K. Pulliam (*pro hac vice*)
     rpulliam@cbplaw.com
7    Lee Lowther (*pro hac vice*)
     llowther@cbplaw.com
8    One Allied Dr., Ste. 1400
     Little Rock, AR 72202
9    Telephone: (501) 312-8500
10   Facsimile: (501) 312-8505

11   Attorneys for Plaintiffs and the Proposed
12   Settlement Class

13              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
14

15   ROBERT FEEMAN and BRADLEY
     BAILEY, individually and on behalf      Case No. 2:25-cv-03605-MWC-BFM
16   of all others similarly situated,

17              Plaintiffs,                   **[PROPOSED] ORDER GRANTING
                                              PLAINTIFFS' UNOPPOSED
18        v.                                  MOTION FOR PRELIMINARY
                                              APPROVAL OF CLASS ACTION
19   ALBERT CORPORATION, and,                 SETTLEMENT
     ALBERT CASH, LLC,
20
                Defendants.
21

22

23

This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Motion"). The Motion attaches and incorporates a Class Action Settlement Agreement and Release (the "Settlement" or "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a classwide basis, against Defendants Albert Corporation and Albert Cash, LLC ("Defendants" or "Albert" and, along with Plaintiffs, the "Parties").

Having carefully considered the Motion, the Settlement Agreement together with all exhibits and attachments thereto, the record in this matter, and the briefs and arguments of counsel, and the Court determining that it likely will be able to approve the Settlement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2), that it will likely be able to certify a class for purposes of judgment on the Settlement under Rules 23(a) and (b)(3), and that the proposed plan of notice (the "Notice Program") to the Settlement Class is the best notice practicable under the circumstances and consistent with the requirements of due process and Federal Rule of Civil Procedure 23(c)(2), and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement is fair, reasonable, and adequate, and to determine whether this Court should enter a judgment approving the Settlement and an order of dismissal of this action based upon the Settlement,

IT IS HEREBY ORDERED as follows:

1. Unless otherwise defined herein, all terms that are capitalized herein shall have the same meaning ascribed to those terms in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over the Parties and the members of the Settlement Class.

**PRELIMINARY APPROVAL OF THE PROPOSED SETTLEMENT**

3. The Court finds that, subject to the Final Approval Hearing, the Court will likely be able to approve the Settlement as fair, reasonable, adequate, and in

-1-

the best interests of the Settlement Class. The Court further finds that the Settlement substantially fulfills the purposes and objectives of the class action and provides beneficial relief to the Settlement Class, especially considering the risks and delay of continued litigation. The Court also finds that the Settlement Agreement: (a) is the result of arm's-length negotiations involving experienced counsel, with the assistance of a mediator, Ms. Niki Mendoza of Phillips ADR Enterprises; (b) is sufficient to warrant notice of the Settlement and the Final Approval Hearing to the Settlement Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by Defendants.

## CERTIFICATION OF THE SETTLEMENT CLASS

4.     Under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and solely for purposes of judgment on the proposed Settlement, the Court preliminarily approves the following Settlement Class:

> All Albert Instant customers who from December 1, 2024, through the date an order granting preliminary approval is entered received any Albert Instant advance in connection with which they paid a transfer fee and were active-duty servicemembers or were spouses or eligible dependents of such servicemembers at the time they took such Albert Instant advance.

5.     Excluded from the Settlement Class are: (i) Defendants, and their parents, subsidiaries, affiliates, and directors; (ii) all Settlement Class Members who make a timely election to be excluded; and (iii) all judges assigned to this litigation and their immediate family members.

6.     All Persons who are members of the Settlement Class who have not submitted a timely request for exclusion are referred to collectively as "Settlement Class Members" or individually as a "Settlement Class Member."

7.      For purposes of settlement only, the Court finds that it will likely be able to certify the Settlement Class under Federal Rules of Civil Procedure 23(a) and (b)(3), as the prerequisites thereunder have been met, including (1) that the Settlement Class is so numerous that joinder of all members is impracticable; (2) that there are questions of law and fact common to members of the Settlement Class that predominate over questions affecting only individual members (e.g., whether Defendants' cash advances constitute extensions of "consumer credit" subject to the protections and limitations of the MLA, and whether the interest rate on such credit agreements exceed the MLA's interest-rate cap); (3) that Plaintiffs' claims are typical of the claims of the Settlement Class; (4) that Plaintiffs and their counsel will fairly and adequately protect the interests of the Settlement Class; and (5) that a class action settlement is a superior method of fairly and efficiently adjudicating this Action.

8.      Under Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiffs Robert Feeman and Bradley Bailey are hereby appointed Class Representatives, and the following are hereby appointed as Class Counsel: Carney Bates & Pulliam PLLC and Jacobson Phillips PLLC.

9.      The Court finds that the above attorneys are competent and capable of exercising the responsibilities of Class Counsel and that Plaintiffs will adequately protect the interests of the Settlement Class defined above.

## NOTICE AND ADMINISTRATION

10.     The Court directs the Settlement Administrator to perform the functions and duties set forth in the Settlement Agreement—including providing notice to the Settlement Class and administering distributions from the Settlement Fund—and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

11.     The Court has carefully considered the forms and methods of notice

to the Settlement Class set forth in the Settlement ("Notice Program"). The Court finds that the Notice Program is reasonably calculated to apprise members of the Settlement Class of the pendency of this action, the terms of the Settlement, and the right to object to the Settlement and to exclude themselves from the Settlement Class. The Court finds that the Notice Program constitutes the best notice practicable under the circumstances and fully satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process, and the requirements of any other applicable law, such that the terms of the Settlement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members. The Court further finds that the Notice Program constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of due process. Accordingly, the Court finds that no notice other than that specifically identified in the Settlement is necessary in this Action.

12.     The Court hereby approves the Notice Program and the form, content, and requirements of the Digital Notice, the E-mail Notice, the Postcard Notice, and the Long Form Notice attached as Exhibits 1-4 to the Settlement Agreement. The Parties, by agreement, may revise the Notices in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting, consistent with this Order.

13.     The Settlement Administrator shall cause the Notice Program to be executed within forty-five (45) days following the entry of this Order (the "Notice Date"). Class Counsel, prior to the Final Approval Hearing, shall file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Program. The Settlement Administrator shall maintain the Settlement Website to provide full information about the Settlement as set forth in the Settlement Agreement.

[PROPOSED] PRELIMINARY APPROVAL ORDER
CASE NO. 2:25-CV-03605-MWC-BFM

## REQUESTS FOR EXCLUSION

14.    A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail a request for exclusion to the Settlement Administrator. The request for exclusion must be in writing, must be mailed to the Settlement Administrator at the address specified in the Notices, must be postmarked no later than thirty (30) days following the Notice Date, must include the name and number of the case, and must clearly state the Settlement Class member's desire to be excluded from the Settlement Class, as well as the Settlement Class member's name, address, telephone number, and signature. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

15.    Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against Albert.

16.    All members of the Settlement Class who do not timely and validly request exclusion shall be bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or any other proceedings against Albert.

17.    The Settlement Administrator shall promptly provide all Parties with copies of any exclusion requests, and Plaintiffs shall file a list of all persons who have validly opted out of the Settlement with the Court prior to the Final Approval Hearing.

## APPEARANCES AND OBJECTIONS

18.    Any member of the Settlement Class who does not file a timely

[PROPOSED] PRELIMINARY APPROVAL ORDER
CASE NO. 2:25-CV-03605-MWC-BFM

request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and costs, or to the award of Service Awards to the Class Representatives must file with the Court a written statement (along with any supporting papers), postmarked or filed on or before thirty (30) days following the Notice Date, that includes: a caption or title that identifies it as an objection to Settlement in *Feeman, et al., v. Albert Corporation*, 2:25-cv-03605-MWC-BFM (C.D. Cal.); the Settlement Class Member's name, address and telephone number; all grounds for the objection, including all citations to legal authority and evidence supporting the objection; the name and contact information of any and all attorneys representing the objector in connection with the objection; a list of all persons wo will be called to testify at the Final Approval Hearing in support of the objection; a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and the objector's handwritten or electronically imaged written signature.

19.    If a Settlement Class Member has objected to any class action settlement within the five years preceding the date that the objector has made such objection in this Action, then the objection should include a copy of any orders or opinions related to or ruling upon the objector's prior objections.

20.    A Settlement Class Member who has timely filed a written objection stating the Settlement Class Member's intention to appear at the Final Approval Hearing as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding his or her objection. It is not necessary, however, for a Settlement Class Member who has filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and costs and/or the request for Service Awards to the Class

-6-

Representatives will be heard unless that Settlement Class Member has filed a timely written objection as set forth above, including a statement that the Settlement Class Member intends to appear at the Final Approval Hearing. No non-party, including members of the Settlement Class who have timely opted out of the Settlement, will be heard at the Final Approval Hearing.

21.    Any Settlement Class Member who does not make an objection to the Settlement in the manner provided herein shall be deemed to have waived and forfeited any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence; shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing; shall be precluded from seeking review of the Settlement by appeal or other means; and shall be bound by all terms of the Settlement and by all proceedings, orders, and judgments in the Action.

## FINAL APPROVAL HEARING

22.    The Federal Rule of Civil Procedure 23(e) Final Approval Hearing is hereby scheduled to be held before this Court on _____, 2025 at __:__ _.m. for the following purposes: (i) to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b)(3) are met; (ii) to determine whether the Settlement is fair, reasonable, and adequate, and should be given final approval by the Court; (iii) to determine whether the judgment as provided under the Settlement Agreement should be entered; (iv) to consider the application for an award of attorneys' fees and expenses of Class Counsel; (v) to consider the application for a Service Award to the Class Representative; (vi) to consider the distribution of the Settlement benefits under the terms of the Settlement Agreement; and (vii) to rule upon such other matters as the Court may deem appropriate.

23.    On or before fourteen (14) calendar days before the Opt-Out and

Objection Deadlines, Class Counsel shall file any papers in support of final approval of the settlement ("Motion for Final Approval") and any application for attorneys' fees and expenses and Service Awards to the Class Representatives ("Motion for Attorneys' Fees"). Class Counsel may file any supplemental briefing in support of said motions and respond to objections, if any, no later than fourteen (14) calendar days before the Final Approval Hearing.

24.    The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

25.    For clarity, the deadlines the Parties and members of the Settlement Class shall follow are shown below:

| EVENT | DATE |
| --- | --- |
| Notice Date | 45 days after Preliminary Approval |
| Class Counsel's Motion for Final Approval and Motion for Attorneys' Fees | 14 days before the Objection and Opt-Out Deadlines |
| Objection/Opt-Out Deadlines | 30 days after the Notice Date |
| Plaintiffs' supplemental briefing | 14 days before the Final Approval Hearing |
| Final Approval Hearing | At least 96 days after entry of this Order |

26.    Settlement Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval.

## FURTHER MATTERS

27.    All discovery and other pretrial proceedings in the Action as between

-8-

the Plaintiffs and Defendants are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement and this Order.

28.    In order to protect its jurisdiction to consider the fairness of the Settlement and to enter a Final Approval Order and Judgment having binding effect on all Settlement Class Members, the Court hereby enjoins all members of the Settlement Class, and anyone who acts or purports to act on their behalf, from pursuing or continuing to pursue all other proceedings in any state or federal court or any other proceeding that seeks to address Releasing Parties' or any Settlement Class member's rights or claims relating to, or arising out of, any of the Released Claims.

29.    The Settlement does not constitute an admission, concession, or indication by the Parties of the validity of any claims or defenses in the Action or of any liability, fault, or wrongdoing of any kind by Albert, which vigorously denies all claims and allegations raised in the Action.

30.    In the event that the Settlement is terminated under the terms of the Settlement, or if for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement shall be null and void, including any provisions related to the award of attorneys' fees and costs, shall have no further force and effect with respect to any party in this Action, and may not be referred to or used as evidence or for any other purpose whatsoever in the Action or any other action or proceeding; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner or for any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the

[PROPOSED] PRELIMINARY APPROVAL ORDER
CASE NO. 2:25-CV-03605-MWC-BFM

termination of the Settlement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion. This Order shall not be construed or used to show that certification of one or more classes would or would not be appropriate if the Action were to be litigated rather than settled.

31.    The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to the Settlement Class.

**IT IS SO ORDERED.**

Dated: _____, 20__

_____

Hon. Michelle Williams Court

U.S. DISTRICT COURT JUDGE

[PROPOSED] PRELIMINARY APPROVAL ORDER
CASE NO. 2:25-CV-03605-MWC-BFM