UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No.    2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:      Robert Feeman *et al.* v. Albert Corporation *et al.*

Present: The Honorable Michelle Williams Court, United States District Judge

| T. Jackson | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (In Chambers) The Court GRANTS Plaintiffs' motion for preliminary approval (Dkt. 44).**

Before the Court is a motion for preliminary approval of class action settlement ("Motion") filed by Plaintiffs Robert Feeman and Bradley Bailey ("Plaintiffs").  Dkt. # 44 ("*Mot.*").  Defendants Albert Corporation and Albert Cash, LLC (collectively, "Defendants" or "Albert") do not oppose.  *See Mot.* 1; *see generally* Dkt.  The Court finds the matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78; L.R. 7-15.  Having considered the papers, the Court **GRANTS** Plaintiffs' motion for preliminary approval of the class action settlement.

I.    Background

    A.    Factual and Procedural History

On March 25, 2025, Plaintiff Feeman filed a putative class action complaint in the Superior Court of California, Los Angeles County, captioned *Feeman v. Albert Corporation, et al.*, No. 25STCV08658, asserting claims for violations of the Military Lending Act, 10 U.S.C. § 987, et seq. ("MLA") and the Truth in Lending Act, 15 U.S.C. § 1638 ("TILA").  Dkt. # 1-1.

Defendants filed an Answer in the Superior Court on April 23, 2025.  Dkt. # 1-11.  After answering, Defendants removed this Action to the United States District Court for the Central District of California.  On May 13, 2025, Plaintiffs filed a First Amended Complaint ("FAC"), which added Plaintiff Bailey as a named plaintiff and a claim for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:    Robert Feeman *et al.* v. Albert Corporation *et al.*

violation of the Georgia Payday Lending Act ("PLA"), O.C.G.A. §§ 16-17-2, *et seq*. Dkt. # 16 ("*FAC*"). The allegations in the FAC concern Plaintiffs' use of "Albert Instant," a cash advance product offered by Defendants. *See FAC*. Plaintiffs allege Albert Instant's consumer credit agreements violate the MLA, by exceeding a statutory interest cap, omitting required disclosures, imposing class action and jury trial waivers, mandating arbitration, and using account access as security (*FAC* ¶ 6); the PLA, by offering payday-style loans in Georgia (*id.* ¶ 7); and the TILA, by failing to make certain disclosures concerning interest rates (*id.* ¶ 8).

On June 6, 2025, Defendants filed a Motion to Compel Arbitration and Stay Litigation. Dkt. # 22. Plaintiffs filed their opposition on July 11, 2025, Dkt. # 32, and Defendants filed their reply on July 18, 2025, Dkt. # 33.

On July 1, 2025, the Court issued a Civil Trial Order. Dkt. # 28. Among other things, the Court set a July 31, 2026, deadline for the parties to hold a settlement conference before a private mediator. *See id.*

On August 11, 2025, the Court, on its own motion, ordered Plaintiffs and Defendants (collectively, the "Parties") to file supplemental briefing on the issue of whether the at-issue Albert Instant transactions constitute the "extension of consumer credit" under the MLA, and the appropriate standard of review the Court should apply in making such a determination. Dkt. # 37.

On August 21, 2025, the Parties notified the Court that they had agreed to privately mediate before Niki Mendoza of Phillips ADR Enterprises and scheduled an in-person mediation for September 23, 2025. Dkt. # 40. As such, the Parties stipulated to a stay of litigation and all interim deadlines, pending the outcome of mediation. *Id.*

On September 23, 2025, the Parties attended an in-person mediation session before Niki Mendoza of Phillips ADR Enterprises. After an approximately eleven hour mediation, the Parties reached an agreement in principle and executed a settlement term sheet. On September 26, 2025, the Parties notified the Court that they had reached an agreement in principle and requested a stay of proceedings to allow them time to finalize the settlement terms and submit them to the Court for approval. Dkt. # 42.

Thereafter, the Parties worked cooperatively together to draft a comprehensive Class Action Settlement Agreement and Release and exhibits thereto (collectively,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-03605 MWC (BFM) | Date: December 12, 2025 |
| Title: | Robert Feeman *et al.* v. Albert Corporation *et al.* | |

"Agreement"). *See* Dkt. # 44-1 ("*Agreement*"). The Agreement states all the terms of the settlement and constitutes resolution of this matter by the parties. *See id.* 4:5-9.

Plaintiffs bring this motion for preliminary approval of the Settlement.[1] *Mot.* The key provisions of the Settlement are as follows.

B.    Settlement Terms

i.    *Settlement Class*

The Agreement defines the Settlement Class as:

> [A]ll Albert Instant customers who from December 1, 2024, through the date an order granting preliminary approval is entered received any Albert Instant advance in connection with which they paid a transfer fee and were active-duty servicemembers or were spouses or eligible dependents of such servicemembers at the time they took such Albert Instant advance.

*Agreement* ¶ 38.[2] The Parties estimate that the Settlement Class consists of approximately 13,804 individuals. Dkt. # 44-2 ("*Class Counsel Decl.*") ¶ 18.

ii.    *Settlement Benefits*

Under the Agreement, Defendants agree to pay $5,200,000 (the "Settlement Fund") into an Escrow Account, in exchange for the Releases set forth in the Agreement and the dismissal of the Action with prejudice upon Final Approval. *Id.* ¶¶ 40, 43, 46. The Settlement Fund will include (a) all payments to settlement class members; (b) payment of any Court-ordered award of Class Counsel's attorneys' fees and litigation expenses; (c) payment of any Court-ordered Service Awards to Plaintiffs; (d) payment of

---

[1] The Court ascribes all capitalized terms not otherwise defined herein with the same meanings as used in the Agreement, Dkt. # 44-1.

[2] Excluded from the Settlement Class are: (i) Defendants, and their parents, subsidiaries, affiliates, and directors; (ii) all Settlement Class Members who make a timely election to be excluded; and (iii) all judges assigned to this litigation and their immediate family members. *Agreement* ¶ 38.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-03605 MWC (BFM) | Date: December 12, 2025 |
| Title: | Robert Feeman *et al.* v. Albert Corporation *et al.* | |

any Settlement Administrator fees, charges, and expenses in connection with the Settlement Administrator's duties; (e) payment of any taxes as set forth herein; and (f) payment of any other fees, costs and expenses not specifically enumerated, subject to approval of Class Counsel, Defendants' Counsel and the Court. *Id.* ¶ 18. Unless the Settlement is terminated, no portion of the Settlement Fund shall revert to Defendants. *Id.* ¶ 45.

Class Counsel will seek attorney's fees of up to 25% of the Settlement Fund, or $1,300,000, plus reasonable litigation expenses, to be paid from the Settlement Fund at the time of the Final Approval Hearing. *Mot.* 6–7; *Agreement* ¶ 77. Plaintiffs will seek up to $5,000 per plaintiff for their time and expenses. *Agreement* ¶ 80. The amount to be distributed to the Class Members after these deductions is the Net Settlement Fund. *See id.* ¶¶ 65–68.

In addition to the monetary fund, Defendants will adopt practices designed to refrain from assessing transfer fees on direct transfers of Albert Instant advances to active-duty service members or eligible dependents under the MLA, for a period of two (2) years beginning on September 30, 2025, until September 30, 2027. *Id.* ¶ 48.

The parties agree to treat the funds in the Escrow Account as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. *Id.* ¶ 47. All taxes arising out of income earned by the Escrow Account shall be paid out of the Escrow Account. *Id.*

> iii. *Settlement Administrator*

The Settlement Administrator, Simpluris, Inc., will administer various aspects of the Settlement, including effectuating the Notice Program, described in Section VI of the Agreement, and distributing the Settlement Fund. *Id.* ¶¶ 37, 52, 54. The Settlement Administrator's duties include obtaining contact information for persons in the Settlement Class; processing and transmitting distributions to Settlement Class Members from the Net Settlement Fund; establishing the Settlement website, post office box, and telephone line; responding to inquiries; processing requests for exclusion; providing weekly reports to counsel summarizing number of requests for exclusion received that week; and overseeing taxes in the Escrow Account. *Id.* ¶ 54.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:         Robert Feeman *et al.* v. Albert Corporation *et al.*

     *iv.*     *Notice Procedures*

Notice to Settlement Class Members shall be made by:

     (a)    Digital Notice via the Albert application for all
             Settlement Class Members who are current users of the
             Albert application;

     (b)    Email Notice to Settlement Class Members;

     (c)    Postcard Notice to Settlement Class Members who are
             not current users of the Albert application for email
             addresses are not available; and

     (d)    Long Form Notice posted to the Settlement Website.

*Agreement*, Exs. 1–4 (collectively, "Notices").  *Mot.* 6.  Skip tracing shall be performed
by the Administrator for all returned mail.  *Id.*; *Agreement* ¶¶ 60-62.

The Notices will include the following information:  (1) a plain and concise
description of the nature of the Action and the proposed Settlement, (2) the right of
Settlement Class Members to request exclusion from the Settlement Class or to object to
the Settlement, (3) specifics on the date, time and place of the Final Approval Hearing,
and (4) information regarding Class Counsel's anticipated fee application and the
anticipated request for the Class Representatives' Service Awards.  *Id.*, Exs. 1–4.

     *v.*     *Exclusion, objections, and claims procedures*

Class Members who wish to exclude themselves from the settlement class may do
so, in writing, by mailing to the Settlement Administrator a "Request for Exclusion" that
includes: (1) the individual's name, address, and telephone number; and (2) a statement
substantially to the effect that: "I request to be excluded from the Settlement Class in
Feeman, et al., v. Albert Corporation, 2:25-cv-03605-MWC-BFM (C.D. Cal.)."
*Agreement* ¶ 57.

The Agreement and proposed notices state that Class Members who wish to object
to the Settlement and/or to Class Counsel's application for attorneys' fees, litigation

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:    Robert Feeman *et al.* v. Albert Corporation *et al.*

expenses and for Service Awards to the Plaintiffs, must file objections with the Clerk of
Court and mail objections to Class Counsel and Defendants' Counsel. *See id.* ¶ 59.

To share in the Settlement Fund, the notices state that Class Members "are not
required to submit a claim to receive payment. Payment will be distributed on a *pro rata*
basis—via check or electronic payment method—once all valid opt out requests have
been received and after costs, attorneys' fees, and any service awards to the Plaintiffs are
deducted." *See, e.g.*, *id.*, Ex. 3, p.3.

> *vi.    Release of claims*

In exchange for the consideration from the Defendants, the Action will be
dismissed with prejudice upon final approval of the Settlement, and Plaintiffs and all
Settlement Class Members who do not timely and validly opt-out of the Settlement
(collectively, "Releasors") will thereby Release all claims against the Released Parties,
relating in any way to the Released Claims. *Id.* ¶¶ 30–32, 75–76.

The Agreement defines the "Released Parties" as:

> Defendants and each of their present, former, and future
> parents, predecessors, successors, assigns, assignees, affiliates,
> conservators, divisions, departments, subdivisions, owners,
> partners, principals, trustees, shareholders, joint ventures,
> coventurers, officers, and directors (whether acting in such
> capacity or individually), attorneys, vendors, insurers,
> accountants, nominees, agents (alleged, apparent, or actual),
> representatives, employees, contractors, lenders, managers,
> administrators, and each person or entity acting or purporting
> to act for them or on their behalf.

*Agreement* ¶ 75. The Released Claims refer to

> any and all actions, causes of action, claims or demands that
> have been or could have been asserted in any form by
> Releasors, including but not limited to, statutory or regulatory
> violations, negligence, contract, common law claims and any
> damages (including any compensatory damages, special

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.   2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:       Robert Feeman *et al.* v. Albert Corporation *et al.*

> damages, consequential damages, punitive damages, statutory
> damages and/or penalties, attorneys' fees, costs, and
> entitlement to equitable relief) proximately caused thereby or
> attributable thereto, direct or indirect, whether or not currently
> known, arising out of their use of the Albert Instant product
> between December 1, 2024, and the date the Court enters an
> order granting preliminary approval of the Settlement.

*Id*.  Releasors also waive and release any and all provisions, rights, and benefits conferred
by section 1542 of the California Civil Code, or any law similar, comparable, or
equivalent to it.  The provision states:

> **Section 1542.** <u>**Certain claims not affected by general
> release.**</u> A general release does not extend to claims that the
> creditor or releasing party does not know or suspect to exist in
> his or her favor at the time of executing the release and that, if
> known by him or her, would have materially affected his or her
> settlement with the debtor or released party.

*Agreement* ¶ 76.

II.      <u>Legal Standard</u>

        When parties settle an action before class certification, the court is obligated to
"peruse the proposed compromise to ratify both the propriety of the certification and the
fairness of the settlement."  *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003).
Preliminary approval of a class settlement is generally a two-step process.  First, the court
must assess whether a class exists.  *Id.* (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S.
591, 620 (1997)).  Second, the court must determine "whether [the] proposed settlement
is fundamentally fair, adequate, and reasonable."  *Id.* (citing *Hanlon v. Chrysler Corp*.,
150 F.3d 1011, 1026 (9th Cir. 1998)) (internal quotation marks omitted).  The decision to
approve or reject a settlement is within the Court's discretion.  *Hanlon*, 150 F.3d at 1026.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 2:25-cv-03605 MWC (BFM) | Date: December 12, 2025 |
| Title: | Robert Feeman *et al.* v. Albert Corporation *et al.* | |

III.   Class Certification for Settlement Purposes

A.   Legal Standard

Parties seeking certification of a settlement-only class must still satisfy the Federal Rule of Civil Procedure ("Rule") 23 standards. *See id.* 1019–24. Under Rule 23, a plaintiff must satisfy the four prerequisites of Rule 23(a) and demonstrate that the action is maintainable under Rule 23(b). *See Amchem*, 521 U.S. at 613–14. The four prerequisites of Rule 23(a) are: (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See* Fed. R. Civ. P. 23(a).

Here, Plaintiffs seek certification under Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed R. Civ. P. 23(b)(3).

B.   Discussion

i.   *Numerosity*

The first requirement for maintaining a class action under Rule 23(a) is that the class is "so numerous that joinder of all members would be impracticable." Fed. R. Civ. P. 23(a)(1). Based on a review of Defendant's internal records, the Parties have ascertained that the Settlement Class consists of approximately 13,804 individuals dispersed throughout the nation. *Mot.* 18; *see Class Counsel Decl.* ¶ 18. At this stage, the Court finds numerosity is satisfied.

ii.   *Commonality*

To fulfill the commonality requirement, Plaintiffs must establish questions of law or fact common to the class as a whole. *See* Fed. R. Civ. P. 23(a)(2). The class claims must depend on a common contention that "is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). For the purposes of Rule 23(a)(2), even a single common question satisfies the requirement. *See id.* at 359; *Abdullah v. U.S. Sec. Assocs.*, 731 F.3d 952, 957

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:    Robert Feeman *et al.* v. Albert Corporation *et al.*

(9th Cir. 2013) (citing *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 589 (9th Cir. 2012)).

Here, Plaintiffs identify several questions of fact and law common to the Settlement Class that focus on Defendants' common practice of charging and collecting Instant Transfer Fees. *Mot.* 19. These include (1) whether Defendants' cash advances constitute extensions of "consumer credit" subject to the protections and limitations of the MLA; (2) whether Defendants' advances exceed the MLA's interest-rate cap; (3) whether Defendants failed to provide required credit disclosures in violation of the MLA; and (4) whether Class members are entitled to actual or statutory damages for the aforementioned violations and, if so, in what amounts. *Id.*

The Court finds Plaintiffs have identified common legal and factual issues would arise in determining the lawfulness of Defendants' conduct. *See Dukes*, 564 U.S. at 350; *see, e.g.*, *Phillips v. Caliber Home Loans, Inc.*, Case No. 19-cv-2711, 2021 WL 3030648, at *7 (D. Minn. July 19, 2021) (stating "Plaintiffs' claims here depend on the common contentions that Pay-to-Pay Fees are neither authorized by Class Members' mortgages nor permitted by law" and finding commonality "including both questions of law and questions of fact"). Because the issues described above are common to the proposed Settlement Class, the commonality requirement is satisfied.

>    *iii.    Typicality*

Typicality requires a showing that the named plaintiffs are members of the class they represent and that their claims are "reasonably co-extensive with those of absent class members," but not necessarily "substantially identical." *Hanlon*, 150 F.3d at 1020; *see* Fed. R. Civ. P. 23(a)(3). The test of typicality "is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct." *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 984 (9th Cir. 2011) (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)) (internal quotation marks omitted).

Plaintiffs' claims are based on Defendants' collection of Instant Transfer Fees, which is not alleged to vary from customer to customer. *See FAC.* Therefore, the proof Plaintiffs would need to establish their claims would also prove the claims of the proposed Settlement Class. Since the claims of Plaintiffs and the members of the Class

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03605 MWC (BFM) | Date: December 12, 2025 |
|---|---|---|
| Title: | Robert Feeman *et al.* v. Albert Corporation *et al.* | |

arise from the same course of conduct by Defendants, involve the same issues, and are based on the same legal theories, the Court finds the typicality requirement is satisfied.

        *iv.*    *Adequacy*

The final requirement of Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The Ninth Circuit has indicated that "[t]he proper resolution of this issue requires that two questions be addressed: (a) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (b) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 462 (9th Cir. 2000).

The Court finds no evidence of a conflict of interest between Plaintiffs and the Settlement Class. *See Class Counsel Decl.* ¶ 14. The FAC asserts that Plaintiffs were active-duty servicemembers during the class period, and the Court has no reason to doubt Plaintiffs' claims rise and fall with those of the Settlement Class. *See FAC* ¶¶ 11–12. Thus, Plaintiffs appear to be adequate class representatives. *See Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 594-95 (1997) ("Representatives must be part of the class and possess the same interest and suffer the same injury as the class members.").

As to Class Counsel's adequacy, the Court must consider "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). Here, Class Counsel consists of two firms, Jacobson Phillips, PLLC and Carney Bates & Pulliam, PLLC. *Agreement* ¶ 5; *Mot.* 20. Plaintiffs have retained counsel with substantial expertise in complex civil litigation, including consumer claims related to excessive, usurious, or unauthorized fees. *Mot.* 20; *Class Counsel Decl.* ¶¶ 3–5, Exs. A-B. Upon reviewing Class Counsel's resumes and declarations, the Court finds adequacy is satisfied.

        *v.*    *Predominance and Superiority*

Having concluded that the Class satisfies the Rule 23(a) factors, the Court turns to Rule 23(b)(3)'s requirements.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:    Robert Feeman *et al.* v. Albert Corporation *et al.*

The predominance component of Rule 23(b)(3) requires a district court to find that "the questions of law or fact common to class members predominate over any questions affecting only individual members." Fed. R. Civ. P. 23(b)(3). "The requirements of Rule 23(b)(3) overlap with the requirements of Rule 23(a): the plaintiffs must prove that there are 'questions of law or fact common to class members' that can be determined in one stroke . . . in order to prove that such common questions predominate over individual ones[.]" *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 664 (9th Cir. 2022); *Hanlon*, 150 F.3d at 1022 ("When common questions present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is clear justification for handling the dispute on a representative rather than on an individual basis.").

Here, common questions of law and fact predominate, because the central liability questions of whether Defendants' collection of the Instant Transfer Fees violated the MLA, PLA or TILA can be resolved for all Settlement Class Members through generalized evidence. Courts have certified classes where plaintiffs asserted similar claims regarding unauthorized fees and failures to disclose. *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practice Litig.*, 148 F.3d 283, 314–15 (3d Cir. 1998) (affirming certification of a nationwide consumer fraud class); *Silveira v. M&T Bank*, No. 2:19-cv-06958-ODW(KSx), 2021 WL 2403157, at *4 (C.D. Cal. May 6, 2021) (finding whether defendant's "policy of charging Pay-to-Pay Fees was in breach of the Class Members' contracts and a violation of federal and state law" predominated over individualized questions). The Court concludes common questions of law and fact predominate here.

Next, under the superiority requirement of Rule 23(b)(3), a plaintiff must show that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). As part of the analysis, courts are directed to weigh several non-exclusive factors outlined in Rule 23(b)(3): class members' interests in individual actions, the extent and nature of any litigation concerning the controversy, the desirability of concentrating the litigation of the claims in the particular forum, and manageability difficulties. *See id.* (A)–(D); *Wolin v. Jaguar Land Rover N. Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).

The Court finds the superiority requirement is met in this case. If Plaintiffs and class members all brought individual actions, they would all be required to prove the same wrongdoing to establish Defendants' liability. This would be inefficient and costly, resulting in duplicative and potentially conflicting proceedings. *See Lerwill v. Inflight*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                Date: December 12, 2025

Title:      Robert Feeman *et al.* v. Albert Corporation *et al.*

---

*Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978) ("Numerous individual actions would be expensive and time-consuming and would create the danger of conflicting decisions as to persons similarly situated."). Class Members could face difficulty finding legal representation and lose incentive to bring their claims if forced to do so in isolation. *See In re Napster, Inc. Copyright Litig.*, No. C 04-1671 MHP, 2005 WL 1287611, at *8 (N.D. Cal. June 1, 2005) (finding superiority in part because "many small composers individually lack the time, resources, and legal sophistication to enforce their copyrights"). Conversely, the Agreement resolves the claims of the entire Settlement Class at once. Thus, class resolution is superior to other methods and will avoid the possibility of repetitious litigation.

The requirements of Rule 23(b)(3) are satisfied.

C.      Conclusion

Plaintiffs have met the requirements for class certification under Rule 23. Therefore, the Court **CERTIFIES** the Class for settlement purposes only. The Court **APPOINTS** Jacobson Phillips, PLLC and Carney Bates & Pulliam, PLLC as Class Counsel and **APPOINTS** Plaintiffs as Class Representatives.

IV.     Preliminary Approval of the Proposed Class Action Settlement

The Court now determines whether the settlement reached is "fair, reasonable, and adequate" under Rule 23(e). *See* Fed. R. Civ. P. 23(e)(2).

A.      Preliminary Approval Legal Standard

The approval of a class action settlement is a two-step process under Rule 23(e) in which the court first determines whether a proposed class action settlement deserves preliminary approval and then, after notice is given to class members, whether final approval is warranted. *See In re Am. Apparel, Inc. S'holder Litig.*, No. CV 10-06352 MMM (CGx), 2014 WL 10212865, at *5 (C.D. Cal. Jul. 28, 2014). "At the preliminary approval stage, a court determines whether a proposed settlement is within the range of possible approval and whether or not notice should be sent to class members." *True v. Am. Honda Motor Co.*, 749 F. Supp. 2d 1052, 1063 (C.D. Cal. 2010) (internal quotation marks omitted). The Court "must have information sufficient to consider the proposed settlement fully and fairly." *Manual for Complex Litigation (Fourth)*, § 13.14 (2004).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:    Robert Feeman *et al.* v. Albert Corporation *et al.*

Preliminary approval amounts to a finding that the terms of the proposed settlement warrant consideration by members of the class and a full examination at a final approval hearing. *Id.*

Preliminary approval is appropriate if "the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class, and falls within the range of possible approval." *Ma v. Covidien Holding, Inc.,* No. SACV 12-2161 DOC, 2014 WL 360196, at *4 (C.D. Cal. Jan. 31, 2014); *see also Eddings v. Health Net, Inc.*, No. CV 10-1744 JST (RZx), 2013 WL 169895, at *2 (C.D. Cal. Jan. 16, 2013).

After notice is given to the class, preliminary approval is followed by a review of the fairness of the settlement at a final fairness hearing and, if appropriate, a finding that it is "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see also Lane v. Facebook, Inc.*, 696 F.3d 811, 818 (9th Cir. 2012); *Hanlon.*, 150 F.3d at 1027. In making this determination,

> the district court must balance many factors: the strength of the plaintiffs' case; the risk, expense complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.

*Hanlon*, 150 F.3d at 1026; *see also Staton*, 327 F.3d at 959; *Officers for Just. v. Civ. Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982) (noting that the list of factors is "by no means an exhaustive list").

The district court must approve or reject the settlement as a whole. *See Hanlon*, 150 F.3d at 1026 ("It is the settlement taken as a whole, rather than the individual component parts, that must be examined for overall fairness."). The court may not delete, modify, or rewrite particular provisions of the settlement. *See Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012); *Hanlon*, 150 F.3d at 1026.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:    Robert Feeman *et al.* v. Albert Corporation *et al.*

B.    Analysis of Settlement Agreement

i.    *Fair and Honest Negotiations*

In general, evidence that a settlement agreement is arrived at through genuine arms-length bargaining with a mediator supports a conclusion that the settlement is fair. *See Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) ("We put a good deal of stock in the product of an arms-length, non-collusive, negotiated resolution."); *Sarabi v. Weltman, Weinberg & Reis Co., L.P.A.*, No. CV 10-1777 AJB (NLSx), 2012 WL 3809123, at *1 (S.D. Cal. Sept. 4, 2012) (holding that a settlement should be granted preliminary approval after the parties engaged in extensive negotiations); *Aarons v. BMW of N. Am., LLC*, No. CV 11-7667 PSG (CWx), 2014 WL 4090564, at *10 (C.D. Cal. Apr. 29, 2014) (declining to apply a presumption but considering the arms-length nature of the negotiations as evidence of reasonableness).

Here, the evidence supports the conclusion that the Stipulation is fair and honest. The Motion, which Defendants do not oppose, states that "the Settlement was reached only after extensive factual investigation, motions practice, pre-mediation discovery, and a full-day mediation session before a well-respected mediator." *Mot.* 11–12. Thus, Class Counsel were able to adequately assess the strengths and weaknesses of Plaintiffs' case and balance the benefits of settlement against the risks of further litigation. *Id.* 11; *Class Counsel Decl.* ¶¶ 6–7. Counsel for Defendants do not dispute that they vigorously defended their client's position and demonstrated their commitment to litigate this Action to its conclusion. *Mot.* 11. The parties mutually accepted a mediator's proposal. *Agreement* 3:8–19, ¶ 85, *see In re China Med. Corp. Sec. Litig.*, 2014 WL 12581781, at *5 (C.D. Cal. Jan. 7, 2014) (mediator's "involvement in the settlement supports the argument that it is non-collusive").

Because the negotiations were adversarial at all times and conducted at arm's length, the Court is satisfied that the Settlement Agreement is the product of fair and honest negotiations.

ii.    *Settlement Amount*

To evaluate whether a settlement falls within the range of possible approval, "courts primarily consider plaintiffs' expected recovery balanced against the value of the settlement offer." *In re Tableware Antitrust Litig.*, 484 F. Supp. 2d 1078, 1080 (N.D.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. | 2:25-cv-03605 MWC (BFM)                      Date: December 12, 2025 |
| Title: | Robert Feeman *et al.* v. Albert Corporation *et al.* |

Cal. 2007).  The adequacy of the amount offered in settlement must be judged "not in comparison with the possible recovery in the best of all possible worlds, but rather in light of the strengths and weaknesses of plaintiffs' case." *In re "Agent Orange" Prod. Liab. Litig.*, 597 F. Supp. 740, 762 (E.D.N.Y. 1984), *aff'd*, 818 F.2d 145 (2d Cir. 1987).

The Parties attest that they have determined, based upon Defendants' records, that Defendants collected a total of $927,150.00 in Instant Transfer Fees from Class Members.  *Mot.* 13; *Class Counsel Decl.* ¶ 13.  Thus, Plaintiffs achieved a settlement that recoups approximately 5.6 times the Settlement Class's actual damages.  *Mot.* 13. Additionally, Class Members took out approximately 87,510 unique loans.  *Id.* Assuming Plaintiffs could recover the statutory penalty for one MLA violation of $500 per transaction, the total recovery would be $43,755,119.  *Id.*  As such, the proposed Settlement Fund represents approximately 12% of potential statutory damages. *Id*.  Class Counsel estimates the Settlement equates to $59.43 per at-issue transaction before the deduction of costs and fees.  *Class Counsel Decl.* ¶ 19.

The Court finds 12 percent is "within the range of reasonableness after taking into account the costs and risks of litigation."  *See In re Anthem, Inc. Data Breach Litig.*, 327 F.R.D. 299, 319 (N.D. Cal. 2018) (in consumer class action involving data breach, approving settlement fund representing 14.5% of projected recovery); *Stovall-Gusman v. W.W. Granger, Inc.*, No. 13-CV-02540-HSG, 2015 WL 3776765, at *4 (N.D. Cal. June 17, 2015) (in employment dispute, concluding that a settlement providing 10% of the total potential recovery was within the range of reasonableness).

Class Counsel has also secured prospective non-monetary relief for the Settlement Class, consisting of Defendants adopting practices, as of September 30, 2025, to refrain from assessing transfer fees on direct transfers of Albert Instant advances to active-duty service members or eligible dependents under the Military Lending Act, for a period of two (2) years, or until September 30, 2027.  *Agreement* ¶ 48.

Moreover, Plaintiffs have identified defenses undermining their ability to prove liability and obtain class certification, including Defendants' pending motion to compel arbitration; Defendants' right to interlocutory appeal under the Federal Arbitration Act; and their intention to move for summary judgment.  *Mot.* 15.  "[D]istrict courts have found that settlements for substantially less than the plaintiff's claimed damages were fair and reasonable, especially when taking into account the uncertainties involved with the litigation."  *See Rigo v. Kason Indus., Inc.*, No. CV 11-0064 MMA (DHBx), 2013 WL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.      2:25-cv-03605 MWC (BFM)                         Date: December 12, 2025

Title:          Robert Feeman *et al.* v. Albert Corporation *et al.*

3761400, at *5 (S.D. Cal. Jul. 16, 2013). The Court finds that the Settlement Amount
confers benefits on Class Members who would face significant risk of no recovery and
ongoing expenses if forced to proceed with litigation.

Considering all the circumstances which led to a compromise, the relief obtained
for the class falls within a reasonable range of possible settlements. Accordingly, the
settlement amount favors preliminary approval.

      *iii.*    *Attorneys' Fees and Costs*

When approving attorneys' fees in common fund cases, courts in the Ninth Circuit
have discretion to apply the percentage-of-the-fund method or the lodestar method to
determine reasonable attorneys' fees. *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th
Cir. 2000); *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 944–45 (9th Cir.
2011) (finding when a settlement establishes a common fund for the benefit of a class,
courts may use either method to gauge the reasonableness of a fee request, but
encouraging courts to employ a second method as a cross-check).

If employing the percentage-of-the-fund method, the "starting point" or
"benchmark" award is 25 percent of the total settlement value. *See Vizcaino v. Microsoft
Corp.*, 290 F.3d 1043, 1048–50 (9th Cir. 2002); *Torrisi v. Tucson Elec. Power Co.*, 8
F.3d 1370, 1376 (9th Cir. 1993). Calculation of the lodestar, which measures the
lawyers' investment of time in the litigation, provides a check on the reasonableness of
the percentage award. *Vizcaino*, 290 F.3d at 1050. To determine attorneys' fees under
the lodestar method, a court must multiply the reasonable hours expended by a reasonable
hourly rate. *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1294 n.2
(9th Cir. 1994). The court may then enhance the lodestar with a "multiplier," if
necessary, to arrive at a reasonable fee. *Id.*

In this case, Class Counsel is seeking up to 25% in attorneys' fees based on the
Settlement Amount of $5,200,000, which amounts to $1,300,000. Although the amount
Class Counsel requests in fees is no greater than the 25% "benchmark" established in this
Circuit, it is the Court's practice to assess a percentage fee award not only by using the
usual litany of factors bearing on the reasonableness of a fee, but also by cross-checking
the percentage fee award against a rough fee computation under the lodestar method. *See
Viscano v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) (analyzing (1) the results
achieved; (2) the risk of litigation; (3) the skill required and quality of work; (4) the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 2:25-cv-03605 MWC (BFM) | Date: December 12, 2025 |
|---|---|---|

| Title: | Robert Feeman *et al.* v. Albert Corporation *et al.* | |

contingent nature of the fee and financial burden carried by plaintiffs; and (5) the awards in similar cases). "Relying on percentages without reference to other factors can be, like blind reliance on benchmarks, an 'all too tempting substitute for the searching assessment that should properly be performed.'" *In re HPL*, 366 F. Supp. 2d 912, 918 (N.D. Cal. 2005) (quotation omitted). Even if a lodestar calculation would not suggest an award far below the percentage fee, a cross-check is appropriate.

Thus, in or with its motion for final approval of the class settlement, Class Counsel is **INSTRUCTED** to provide the requested hourly rate and hours expended in this case so the Court can calculate the lodestar value and use it to determine the reasonableness of the fees and costs award. Class Counsel should explain whether a multiplier is appropriate in this case. Finally, Class Counsel must submit a detailed summary of its costs and expenses for the Court's consideration.

### i.    *Administration Costs*

Notice and Settlement administration costs are to be paid from the Settlement Fund, subject to approval from Class Counsel and Defendants' Counsel. *Agreement* ¶ 18, 53. Class counsel has also stated it will seek reimbursement of out-of-pocket expenses, the limit of which is not specified. *Mot.* 7; *Agreement* ¶ 77. However, the Settlement Administrator currently forecasts its total administration costs to be $35,378.00. Dkt. # 44-3 § IV.

Courts regularly award administrative costs associated with providing notice to the class. *See, e.g., Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 266 (N.D. Cal. 2015). Nonetheless, it is possible that Settlement Administrator fees could significantly reduce the settlement amount, and Plaintiffs do not address the propriety of the Settlement Administration costs in its Motion.

Accordingly, the Court **DIRECTS** that at least the proposed Digital Notice and Long Form Notice, *Agreement*, Exs. 1, 4, inform class members of the forecasted amount of administrator fees. This Court will make a determination regarding the reasonableness of such fees at the final approval hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                Date: December 12, 2025

Title:        Robert Feeman *et al.* v. Albert Corporation *et al.*

---

     ii.    *Allocation Plan*

The Court also must preliminarily approve the plan to allocate funds. The distribution plan is governed by the same legal standards that apply to the approval of a settlement: the plan must be fair, reasonable, and adequate. *See In re Citric Acid Antitrust Litig.*, 145 F. Supp. 2d 1152, 1154 (N.D. Cal. 2001). "This means that, to the extent feasible, the plan should provide class members who suffered greater harm and who have stronger claims a larger share of the distributable settlement amount." *Hendricks v. StarKist Co.*, No. 13-cv-00729-HSG, at *7 (N.D. Cal. July 23, 2015) (citations omitted). "[C]ourts recognize that an allocation formula need only have a reasonable, rational basis, particularly if recommended by experienced and competent counsel." *Id.* at *5.

The proposed plan of allocation provides that "Defendants shall tabulate the value of the transfer fees paid by each Settlement Class Member during the Class Period in connection with Albert Instant advances." *Agreement* ¶ 65. "The Settlement Administrator shall then determine the amount of distribution from the Net Settlement Fund to each Settlement Class Member on a pro rata basis, based on the dollar amount of the transfer fees the Settlement Class Member paid." *Id.*

Since the Net Settlement Fund will be distributed on a pro rata basis, class members who suffered greater harm will receive a larger share of the distributable settlement amount. The Court therefore approves the allocation plan.

     i.    *Award*

"Incentive awards are fairly typical in class action cases." *Rodriguez*, 563 F.3d at 958. When considering requests for incentive awards, courts consider five principal factors:

> (1) [T]he risk to the class representative in commencing suit, both financial and otherwise; (2) the notoriety and personal difficulties encountered by the class representative; (3) the amount of time and effort spent by the class representative; (4) the duration of the litigation; (5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:      Robert Feeman *et al.* v. Albert Corporation *et al.*

*Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. 1995).

Courts typically examine the propriety of an incentive award by comparing it to the total amount other class members will receive. *See Staton*, 327 F.3d at 975; *Dyer v. Wells Fargo Bank, N.A.*, 303 F.R.D. 326, 335 (N.D. Cal. 2014) ("To determine the reasonableness of an incentive payment, courts consider the proportionality between the incentive payment and the range of class members' settlement awards.").

Each Plaintiff will seek an award no larger than $5,000 in addition to his individual settlement payment, for service awards of $10,000, total. *Mot.* 12; *Agreement* ¶ 80. The Motion indicates prospective relief will apply uniformly to all Settlement Class Members, including Plaintiffs, *see Mot.* 12, but it does not explain how Plaintiffs or Class Counsel determined the size of the service awards. Although "[a] $5,000 incentive award is 'presumptively reasonable' in the Ninth Circuit," the Court will nonetheless need a factual basis to determine the reasonableness of the requested service award when ruling on Plaintiffs' motion for final approval. *See Roe v. Frito-Lay, Inc.*, No 14CV-00751, 2017 WL 1315626, at *8 (N.D. Cal. Apr. 7, 2017 (collecting cases)).

Accordingly, in or with their motion for final approval of the class settlement, Class Counsel is **INSTRUCTED** to explain Plaintiffs' awards as a percentage of the total settlement and the disparity, if any, between the award and the expected average settlement amount for each Class Member. Plaintiffs should submit declarations supporting the incentive award and a detailed description of their efforts.

   *ii.*  *Remaining Funds*

The Settlement Agreement provides that, if all conditions of the Agreement are satisfied and final judgment is entered in this action, no portion of the Settlement Fund will be returned to Defendants. *Id.* ¶ 45. Instead, "any remaining unclaimed settlement funds shall be distributed to Operation Homefront as *cy pres* recipient." *Id.* ¶ 69. Any residual *cy pres* distribution shall be paid as soon as reasonably possible following the completion of distribution and redistributions, if any, of funds to the Settlement Class Members. *Id.*

The Court preliminarily approves the distribution of any remaining funds in the Net Settlement Fund to a nonprofit organization. The parties propose distributing unclaimed settlement funds to Operation Homefront. The Court will consider the parties'

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                Date: December 12, 2025

Title:    Robert Feeman *et al.* v. Albert Corporation *et al.*

position(s) and select a specific organization or organizations to which the money will be sent as part of the final approval process.

C.    <u>Notice to Class Members</u>

Before the final approval hearing, the Court requires adequate notice of the settlement be given to all class members. Rule 23 provides:

> For any class certified under Rule 23(b)(3) . . . the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort. . . . The notice must clearly and concisely state in plain, easily understood language: (i) the nature of the action; (ii) the definition of the class certified; (iii) the class claims, issues, or defenses; (iv) that a class member may enter an appearance through an attorney if the member so desires; (v) that the court will exclude from the class any member who requests exclusion; (vi) the time and manner for requesting exclusion; and (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

Fed. R. Civ. P. 23(c)(2)(B). "Notice is satisfactory if it 'generally describes the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard.'" *Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (quoting *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980)).

Here, Plaintiffs have provided a proposed Digital Notice, Email Notice, Long Form Notice, and Postcard Notice. *Agreement* Exs. 1–4. The proposed Long Form Notice (*id.*, Ex. 3) provides, in plain wording: (1) the nature of the action and the essential terms of the Settlement; (2) the meaning and nature of the Class; (3) Class Counsel's application for attorneys' fees and the proposed service award payments for Plaintiff; (4) the formula for calculation and distribution of the Net Settlement Fund; (5) how to opt out of the Settlement; (6) how to object to the Settlement and/or to Class Counsel's application for attorneys' fees, litigation expenses, and Plaintiffs' service awards; (7) the Court's procedure for final approval of the Settlement; and (8) how to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:    Robert Feeman *et al.* v. Albert Corporation *et al.*

---

obtain additional information regarding this case and the Settlement. *See generally id.*
The other proposed notices direct the reader to the Long Form Notice and the Settlement
website. *See id.* Ex. 1, 2, 4.

Per the Agreement, no later than twenty-one (21) days after Preliminary Approval,
Defendants shall produce an electronic list from their records that includes the names,
email addresses, and mailing addresses, to the extent available, belonging to persons
within the Settlement Class (the "Class List"). *Agreement* ¶ 55. No later than forty-five
(45) days after Preliminary Approval, the Settlement Administrator shall commence
implementing the Notice Program outlined in the Agreement (the "Notice Date"). *Id.*
¶ 56. The Parties propose an opt-out deadline 30 days after the Notice Date, *Agreement*
¶¶ 22–23, but the Court determines giving Settlement Class Members approximately 60
days from the initial mailing of the Proposed Notice to opt out or object to the settlement
would be appropriate. Finally, the Settlement Administrator will use skip tracing for all
returned mail. *Agreement* ¶¶ 60–62.

The Court finds the Proposed Notices and the notice plan satisfactory, with the
addition that Settlement Class Members will have at least 60 days from the Notice Date
to opt out, rather than 30 days, as set forth below.

V.    Conclusion

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for preliminary
approval of class action settlement.

The Court **PRELIMINARILY APPROVES** the settlement, **APPOINTS**
Plaintiffs Robert Feeman and Bradley Bailey as Class Representatives, **APPOINTS**
Carney Bates & Pulliam PLLC and Jacobson Phillips PLLC as Class Counsel, and
**APPOINTS** Simpluris, Inc. as the Settlement Administrator.

The Court **APPROVES** the Notice Program and the form, content, and
requirements of the Digital Notice, E-mail Notice, Long Form Notice and Postcard
Notice, attached as Exhibits 1-4 to the Settlement Agreement, subject to the inclusion of
the estimated amount for administrative costs in at least the Digital and Long Form
Notices. The Parties, by agreement, may revise the Notices in ways that are not material,
or in ways that are appropriate to update those documents for purposes of accuracy or
formatting, consistent with this Order.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:       Robert Feeman *et al.* v. Albert Corporation *et al.*

The Settlement Administrator shall cause the Notice Program to be executed starting no later than January 23, 2026, which is within forty-five (45) days of entry of this Order.  The Settlement Administrator shall maintain the Settlement Website to provide full information about the Settlement.  At least fourteen days prior to the Final Approval Hearing, Class Counsel shall file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Program.

The Court sets the final approval hearing for **Friday, April 10, 2026, at 1:30 p.m., in Courtroom 6A,** to determine whether the proposed Settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether a Judgment as provided in the Settlement Agreement should be entered; to determine whether the proposed plan of allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Class Counsel for their efforts in litigating the Action, and any compensatory award that should be awarded to Plaintiffs for their service to the Settlement Class; to hear any objections by Settlement Class members to the Settlement Agreement, plan of allocation, or any award of fees and expenses to Class Counsel or compensatory award to Plaintiffs; and to consider such other matters as the Court may deem appropriate.

The Court sets the filing deadline for the final approval motion for **Friday, March 13, 2026**.  By that date, Plaintiffs must also address, either in the motion briefing or in separate memoranda: (1) hourly rate and hours expended in this case so the Court can calculate the lodestar value and use it to cross-check the reasonableness of the fees and costs award, whether a multiplier is appropriate in this case, and a detailed summary of Class Counsel's costs and expenses; and (2) Plaintiffs' service award compared to the Settlement Amount and individual settlement payments to Class Members, supported by a declaration from Plaintiffs, as set forth herein.

For clarity, the Court enters the following deadlines, as adopted from the Settlement Agreement, Motion, and the Motion's proposed order (Dkt. # 44-1 ¶ 25).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.     2:25-cv-03605 MWC (BFM)                    Date: December 12, 2025

Title:     Robert Feeman *et al.* v. Albert Corporation *et al.*

| Event | Date / Deadline |
|---|---|
| Notice Date – date by which Settlement Administrator must commence Notice Program | Friday, January 23, 2026 |
| Motion for Final Approval, Motion for Attorneys' Fees, and other requested briefing due | Friday, March 13, 2026 |
| Objection/Opt-Out Deadline | Friday, March 20, 2026 |
| Reply briefing in support of Final Approval and Motion for Attorneys' Fees due | Friday, March 27, 2026 |
| Deadline for class counsel to file Settlement Administrator declaration attesting to timely completion of Notice Program | Friday, March 27, 2026 |
| Final Approval Hearing | Friday, April 10, 2026, at 1:30 p.m. in Courtroom 6A |

**IT IS SO ORDERED.**

                                                                    :

**Initials of Preparer**     TJ